UNITED STATES of America, Appellee,

v.

George KHOURY, Defendant, Appellant.

No. 84–1322.

United States Court of Appeals,
First Circuit.

Argued Nov. 8, 1984.
Decided March 8, 1985.

Richard G. Berger, Verona, N.J., with whom Harold I. Glaser, Baltimore, Md., and Carolyn Grace, Boston, Mass., were on brief, for defendant, appellant.

Antonio R. Bazan, Asst. U.S. Atty., Hato Rey, P.R., with whom Daniel Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before CAMPBELL, Chief Judge, McGOWAN,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

CARL McGOWAN, Senior Circuit Judge.

Appellant, George M. Khoury, appeals from the judgment of conviction entered by the district court following his plea of guilty to three counts of a six-count indict-ment. We find the contentions raised in this appeal to be without merit and therefore affirm.

On November 16, 1983, appellant was indicted on six counts by the Grand Jury for the District of Puerto Rico. Prior to trial on those charges, counsel for appellant engaged in plea negotiations with the government, culminating in a written plea agreement (the "Agreement"). The Agreement provided, *inter alia*, that in return for a plea of guilty to three counts of the indictment, the government would agree to a sentence of not more than three years concurrent on each of the charges, and would dismiss the remaining counts. The government additionally agreed to make no further comments or recommendations at sentencing.

On January 12, 1984, at a change of plea hearing, the Agreement was presented to the district court. The court informed appellant that, while it was not bound to accept the Agreement, if it elected to do so, its terms would be binding on the court. Following discussion with counsel and appellant, and compliance with the strictures of Federal Rule of Criminal Procedure 11, the court ratified the agreement.

Approximately two weeks prior to the date set for sentencing, counsel informed the government that appellant wished to withdraw his plea. The Assistant United States Attorney expressed surprise at this development, indicating that in light of appellant's cooperation with officials investigating a related matter, he was prepared to recommend that the court grant Mr. Khoury probation. There were no further communications prior to sentencing.

At sentencing, the government did in fact recommend probation, stating: "Taking into consideration the information [Mr. Khoury] has provided us, I have given my word to Defendant's counsel that our recommendation would be that of probation."

Thereafter, the court imposed a sentence of three years on two of the counts and

* Of the District of Columbia Circuit, sitting by designation.

two years on the third, the time to run concurrently. At no point during the proceedings did appellant or his counsel indicate to the court that they regarded the government's recommendation of probation as binding or that they felt the sentence had controverted the plea agreement.

On April 23, 1984, a hearing was held on a motion filed by appellant to set bail pending appeal. At the outset of that hearing, appellant voiced the contention that a new, binding plea agreement had been formed by the government's promise to recommend probation; and that, since the court did not follow that recommendation, appellant should be allowed to withdraw his plea. The court heard oral argument on this point and permitted appellant to testify as to his understanding of the agreement. Following the testimony, the court reached the following conclusion:

> [THE COURT:] I find that there was no new agreement. But even if the fact that the U.S. Attorney promised to recommend probation should be considered, the fact is that the U.S. Attorney did recommend probation ... [ ] So, therefore, as far as any argument could be made as to setting aside the sentence, that motion is denied.

On appeal, appellant contends that the government's promise to recommend probation created a new and binding agreement or, in the alternative, that appellant's assumption that the recommendation would be binding, rendered the plea involuntary. ▬▬ A question as to the terms, or even the very existence, of a plea agreement, is one of fact that must be resolved by the district court. *See United States v. Krasn,* 614 F.2d 1229, 1233 (9th Cir.1980); *United States v. Cervantes,* 609 F.2d 974, 976 (10th Cir.), *cert. denied,* 440 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980); *United States v. Minnesota Mining and Manufacturing Co.,* 551 F.2d 1106, 1109 (8th Cir.1977). Our review of the district court's finding that no new plea agreement

was created is governed by the "clearly erroneous standard." *Kilcrease v. United States,* 457 F.2d 1328, 1331 (8th Cir.1972); *United States v. Minnesota Mining, supra,* 551 F.2d at 1109. Under this standard, deference must be given to the district court's finding and we are not permitted to displace that finding with one of our own. *See Civella v. United States,* 509 F.2d 896, 898 (8th Cir.1975). Instead, such a determination must be upheld unless, based on our review of the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, (1948). This is especially true where, as here, a finding is based on live testimony, and the district court's unique ability to evaluate a witness' credibility is implicated. *See United States v. Minnesota Mining, supra,* 551 F.2d at 1109.

▬▬ Our review of the record reveals substantial support for the district court's finding that no new plea agreement had been formed. At the time the government promised to recommend probation, the defendant had already pled guilty, the verdict was entered, and the agreement consummated. Appellant did not, at that time, possess an absolute right to withdraw his plea. *See* Fed.R.Crim.P. 32(d). The government's promise was not in return for a plea, but rather a gratuitous promise made in recognition of appellant's cooperation with the authorities. In this light, the finding that no new plea agreement had been formed was not clearly erroneous.

▬▬ As the district court noted, while no new agreement had been formed, to the extent that such a promise might have been binding, the government fully and fairly lived up to its promise. Any obligation that might have arisen from the promise to recommend probation was fully discharged at the point the government allocuted for probation.[1] Therefore, the dis-

---

1. A plea agreement that requires the government to make a specific sentence recommendation is satisfied when the recommendation is made, regardless of whether the court accepts the recommendation. *See* Fed.R.Crim.P.

11(e)(1)(B); *United States v. Keefe,* 621 F.2d 17, 19 n. 1 (1st Cir.1980) (court's rejection of government's sentencing recommendation does not give defendant right to withdraw plea).

trict court's finding on this question should not be disturbed.

■ Regarding appellant's final contention,[2] that the guilty plea was involuntary because counsel advised him that the recommendation of probation was binding on the court, little need be said. The guilty plea was entered prior to any discussions with the government concerning probation. It is therefore incredible that counsel's interpretation of that promise could have had any impact on the voluntariness of the plea. Furthermore, to the extent that appellant's decision not to seek leave to withdraw the plea might have been based on counsel's misapprehension of the effect or ramifications of the government's promise, such an erroneous legal opinion does not vitiate the voluntariness of a guilty plea. *See Knight v. United States*, 611 F.2d 918, 922 (1st Cir.1979). Based on the foregoing, the decision below is

*Affirmed.*

---

**2.** Appellant also takes issue with the fact that the recommendation of probation was "halfhearted". Of this contention all that need be said is that such a promise does not carry with it the obligation to "forcefully advocate the recommended sentence." *United States v. Tursi,* 576 F.2d 396, 399 (1st Cir.1978).