**UNITED STATES of America**

v.

**Emiliano Valencia COPETE.**

**Crim. No. 84–134(PG).**

United States District Court,
D. Puerto Rico.

July 10, 1985.

---

Charles E. Fitzwilliams, Asst. U.S. Atty., Old San Juan, Puerto Rico, for plaintiff.

Peter John Porrata, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Defendant, Emiliano Valencia Copete, has filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed upon him by this Court on September 28, 1984. Defendant's peti-tion is predicated on the grounds that he entered a guilty plea in view of the government's "promise" that he would not serve any time in prison and that the Court, in sentencing him, did not "comply" with the plea bargaining agreement.

Present before the Court is a Report and Recommendation filed on May 15, 1985, wherein the U.S. Magistrate recommends the dismissal of defendant's Section 2255 petition. The parties were granted ten days to file any opposition to the Magistrate's Report and Recommendation. To date, defendant has yet to file an opposition to the Magistrate's Report and Recommendation even though ample time has been granted him to do so.*

■ It is settled that if a party wishes the Court to review a determination by a Magistrate, he *"shall"* request it by filing his objections to the Magistrate's report within ten days after being served with a copy of the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 510.2 (1984). *See, Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980) ("[w]e conclude that a party 'may' file objections within ten days or he may not, as he chooses, but he *'shall'* do so if he wishes further consideration.") (emphasis added). The Court of Appeals for the First Circuit did not find in its reading of 28 U.S.C. § 636(b)(1)(C), or in the general purpose of the Federal Magistrate's Act, any implication that a court must make a *de novo* determination of matters included in a Magistrate's report "to which objection is *not* made," or that a court should review when a review has not been requested. *Id.* (emphasis in original). Moreover, in *United States v. Escoboza Vega,* 678 F.2d 376, 379 (1st Cir.1982), the First Circuit extended the rule of *Park Motor Mart* to criminal cases. Thus, no objection to the Magistrate's report having been filed in the case at bar, we accept in whole the Magistrate's Report and Recommendation and adopt as

---

* The Court has reserved its ruling on the Magistrate's Report and Recommendation for much longer than the ten days customarily granted the parties to file any opposition thereto in view of the fact that defendant filed his Section 2255 motion *pro se.*

**1158**

our own the conclusions of law therein stated.

We are convinced, at any rate, that said conclusions of law are correct in light of recent First Circuit cases. Specifically, it is settled that a court's rejection of the government's sentencing recommendation does not give defendant a right to withdraw his plea. *United States v. Khoury,* 755 F.2d 1071, 1073 n. 1 (1st Cir.1985); *United States v. Keefe,* 621 F.2d 17, 19 n. 1 (1st Cir.1980); *United States v. Incrovato,* 611 F.2d 5 (1st Cir.1979). This is especially true where, as here, the district court informs defendant at the change of plea hearing that the Government's recommendation as to sentencing is not binding on the court.

WHEREFORE, in view of the above, the Court hereby ADOPTS the Magistrate's Report and Recommendation, and defendant's Section 2255 motion is hereby DENIED.

IT IS SO ORDERED.