STATE of North Dakota, Plaintiff
and Appellee,

v.

Bill WERRE, Defendant and Appellant.

Cr. 890262.

Supreme Court of North Dakota.

April 12, 1990.

Tom P. Slorby, State's Atty., Minot, for plaintiff and appellee.

Richard L. Schnell, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

Bill Werre appealed from a district court order denying his motion to withdraw a plea of guilty. We affirm.

Werre was originally charged with two counts of theft by deception and fourteen counts of violating the Securities Act of 1951 [Chapter 10–04, N.D.C.C.]. Pursuant to a plea agreement, Werre pleaded guilty to one count of theft by deception and one count of violating the Securities Act, and the remaining charges were dropped. The State recommended a sentence of eight years on one count and ten years suspended on the other count. The trial court sentenced Werre to two ten-year sentences, to be served consecutively. Werre subsequently made a motion to withdraw his guilty plea. The trial court denied the motion, and Werre appealed.

Under Rule 32(d)(1), N.D.R.Crim.P., a defendant should be allowed to withdraw a plea of guilty after sentencing only upon a showing of manifest injustice. *State v. Schumacher*, 452 N.W.2d 345 (N.D.1990); *State v. Werre*, 325 N.W.2d 172 (N.D.1982). The determination of manifest injustice is within the trial court's discretion, and will be reversed on appeal only for an abuse of discretion. *State v. Schumacher, supra; State v. Werre, supra.*

Werre asserts that he should be allowed to withdraw his guilty plea because he did not receive the specific sentence promised in the plea agreement with the State. However, the record clearly demonstrates that the plea agreement included only a *recommendation* of sentence, and this was explained to and acknowledged by Werre at the time he entered his plea. The plea agreement was explained in open court and the State recommended a sen-

tence of eight years on one count and ten years suspended on the other count. The following colloquy then occurred:

"THE COURT: I want to get across to you very clearly, Mr. Werre, these are merely recommendations. The State will make these recommendations and I may or may not follow them. Do you understand that?

"THE DEFENDANT: Yes, sir."

Werre was unequivocally advised by the court that it might not follow the State's sentencing recommendations, and Werre acknowledged that he understood. The record does not support Werre's assertion that he was "guaranteed" the recommended sentence nor his assertion that the court's failure to follow the recommendation constitutes a manifest injustice requiring withdrawal of his plea of guilty.

Werre also asserts that he received ineffective assistance of counsel, warranting withdrawal of his plea of guilty. Werre's argument on this issue is largely based upon documentary evidence which was filed after the district court entered its order denying the motion to withdraw the plea of guilty.

 We will consider claims of ineffective assistance of counsel on direct appeal only if the record affirmatively shows ineffectiveness of constitutional dimensions or if the parties stipulate that the record is adequate to determine the issue. *State v. Ricehill*, 415 N.W.2d 481 (N.D.1987). This procedure is also applicable when ineffective assistance of counsel is raised on an appeal from a denial of a motion to withdraw a guilty plea. *State v. Bowers*, 426 N.W.2d 293 (N.D.1988). There is no stipulation by the parties that the record is adequate, and the record does not affirmatively establish ineffective assistance of counsel. In accordance with *Ricehill* and *Bowers*, we therefore decline to address this issue.

*Ricehill* and *Bowers* suggest that the issue of ineffective assistance of counsel may be more effectively determined in proceedings under the Uniform Post–Conviction Procedure Act, Chapter 29–32.1, N.D. C.C. In an evidentiary hearing under that chapter the parties may fully develop a record on the issue of counsel's performance and its impact on the defendant's case.

We have considered the other issues raised by Werre and find them to be without merit.

We conclude that the district court did not abuse its discretion in denying Werre's motion to withdraw his plea of guilty. Because we find the record inadequate to consider Werre's claim of ineffective assistance of counsel, we affirm without prejudice to permit Werre to further advance that issue in a proceeding for post-conviction relief. *See State v. Ricehill, supra.*

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.