**STATE of North Dakota, Plaintiff and Appellee,**

**v.**

**Ronald Scott THOMPSON, Defendant and Appellant.**

**Cr. No. 930057.**

Supreme Court of North Dakota.

Aug. 10, 1993.

---

Patricia L. Burke, State's Atty., Bismarck, for plaintiff and appellee.

Michael R. Hoffman, Bismarck, for defendant and appellant.

SANDSTROM, Justice.

We are asked to allow a defendant to withdraw his guilty plea because the trial judge did not follow the State's nonbinding recommendation for sentencing.

Ronald Scott Thompson seeks to withdraw his plea of guilty to the charge of gross sexual imposition,[1] a class B felony.[2] Thompson entered his guilty plea based on the State's agreement to *recommend* a sentence of no more than six years to be served concurrently with other sentences. The State made that recommendation. The judge imposed a greater sentence: a ten-year sentence to be served consecutively with other sentences. Three of the ten years were suspended subject to attendance at the prison sex offender's program. Three months later, the defendant moved to withdraw his plea. The trial court denied the motion. We affirm.

Shortly before 8:00 on the morning of December 20, 1991, Thompson entered the home of a 42–year–old Bismarck woman he did not know. Using physical force, and pressing a knife against the victim's throat, he pulled her from the shower. He forced her to engage in an oral sexual act. The victim was cut with the knife and suffered other physical injuries. Thompson ordered the woman into the shower. She entered the bathroom and turned on the shower, but to preserve evidence, she did not enter the shower. As soon as Thompson left the house, she called 911, reported the offense, and gave a detailed description of the man. Thompson was spotted on foot a short distance away. An officer saw him enter a house. After the house was surrounded,

---

1. N.D.C.C. § 12.1–20–03 provides, in part:
   "*Gross sexual imposition.*
      "1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:
      "a. He compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being.

      . . . . .

   "3. An offense under this section is a class A felony if in the course of the offense the actor inflicts serious bodily injury upon the victim, or if his conduct violates subdivision a or d of subsection 1. Otherwise the offense is a class B felony."

2. For a class B felony, N.D.C.C. § 12.1–32–01(3) provides that "a maximum penalty of ten years' imprisonment, a fine of ten thousand dollars, or both, may be imposed."

The report of the presentence investigation revealed a lengthy criminal history, and included a victim impact statement. At the sentencing hearing, the State's Attorney repeated the agreed upon sentencing recommendation, making clear it was a recommendation only:

"In this case the state agreed to make the following recommendation, and it should be clear that it is a recommendation only. The Court is not bound by it—either our recommendation or the defense recommendation.

"But we agreed to make the recommendation of six years also to start today with credit for 305 days, which is the time he spent in custody since he was arrested in December of 1991."

The defense attorney asked the court to accept the recommendation:

"In [my October 5, 1992] letter I asked the Court to accept the recommendation of six years in the North Dakota State Penitentiary and I would ask the Court to give credit back to December 20th ... I would ask the Court to follow that recommendation and sentence according to that recommendation."

The defendant declined an offer to speak on his own behalf. The judge told the defendant:

"I think your behavior and your—what occurred in this case is the sort of crime that shocks the community. It certainly shocks my conscience and I have no explanation for it and I have no compassion for you. I think you are abhorrent. I don't think we should condone it in any sense of the word.

"People should never be subjected to the behavior you forced upon another. Even worse, you did it in their home where people deserve and should expect sanctity of all places.

"The only thing good you have done in this case that I can see is come in and plead guilty. You didn't force the woman to go to trial and you didn't force the woman to testify and didn't force a jury to make a decision. That's the only thing that you have done that I can give you any credit for at all.

"On the basis of what I have done before—I have to compare what I have done. Mr. Thompson, the Court hereby sentences you to a term of ten years at the North Dakota State Penitentiary, three of said years to be suspended for a period of one year after your release, this sentence to run consecutive to those sentences just given by Judge Schneider.

"Mr. Thompson, as a condition of the suspension, the Court is going to order that you attend the sex offender's program at the North Dakota State Penitentiary for such time as those officials who are engaged in it there believe it appropriate."

Neither the defendant nor his attorney objected to the sentence at that time. Both the defendant and his attorney said they had no questions about the sentence. Three months later, the defendant moved to withdraw his plea on the grounds that the prosecutor's sentencing recommendation was not followed by the court.

The trial court denied the motion, stating: "The defendant was fully aware of his rights and no binding agreement had been entered into between the parties."

Rule 32(d), N.D.R.Crim.P., provides:

*"(d) Plea Withdrawal.*

"(1) The court shall allow the defendant to withdraw a plea of guilty whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(2) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(3) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just

reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

The standard for review of guilty pleas after sentence is "manifest injustice." The defendant has the burden of proof, and the decision is within the trial court's discretion. *State v. Werre*, 325 N.W.2d 172, 174 (N.D.1982). On appeal, we decide only if the court abused its discretion. Absent an abuse of discretion, the trial court's decision will stand. *State v. Hamann*, 262 N.W.2d 495, 501 (N.D.1978).

In this case, the State agreed to recommend a particular sentence. It was a nonbinding recommendation only. A nonbinding recommendation of sentence and a binding plea agreement under Rule 11(d), N.D.R.Crim.P., are not the same. *State v. Werre*, 453 N.W.2d 826 (N.D.1990). The State fulfilled its obligation when it made the specified nonbinding recommendation. *See United States v. Khoury*, 755 F.2d 1071, 1073 (1st Cir.1985).

Thompson contends the trial court should have specifically informed him that it was not bound by the recommendation. The evidence is overwhelming that the defendant knew the recommendation was not binding, and the judge could impose a different sentence. His understanding is further evidenced by the untimely nature of his request to withdraw his guilty plea.

In *State v. Storbakken*, 246 N.W.2d 78 (N.D.1976), the guilty plea was challenged because the trial judge did not restate the defendant's constitutional rights at the time he accepted the plea, and because the trial judge did not follow the exact format of questioning specified in Rule 11, N.D.R.Crim.P. This Court held: "It is sufficient to satisfy due process that such knowledge on the part of the defendant is clearly reflected from the whole record, not just the interrogation of the defendant by the trial court." *Storbakken* at 84.

The defendant's knowledge of the nonbinding nature of the sentence recommendation, as clearly reflected from the whole record, satisfies due process.

The trial judge considered the recommendation, the presentence investigation report, and the depravity of the offense in sentencing. The trial court did not abuse its discretion in refusing to permit the withdrawal of the guilty plea.

The sole remaining question is whether it is in the public interest to change our rule and allow the withdrawal of a defendant's guilty plea, as a matter of right, because a court did not follow a nonbinding sentence recommendation. We decline to do so. The prosecutor here had specifically refused to give the defendant the power and control, the certainty of outcome, when standing to receive his sentence. The crime of rape has at its core the exercise of power and control over the victim. "Rape, then, is a pseudosexual act, a pattern of sexual behavior that is concerned much more with status, hostility, control, and dominance than with sensual pleasure or sexual satisfaction." A. Nicholas Groth & H. Jean Birnbaum, *Men Who Rape: The Psychology of the Offender* at 13 (Plenum 1979). "Rape is neither sexual nor sexy; it is an ugly act of dominance and control." Alice Vachss, *Sex Crimes* at 279 (Random House 1993). The defendant now asks for power and control over the court which sentenced him. We decline to grant it.

The order denying the defendant's motion to withdraw his plea of guilty is affirmed.

VANDE WALLE, C.J., and MESCHKE and NEUMANN, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

I concur in the majority opinion. Under Rule 11(d), NDRCrimP, this is the correct result.

I agree with Justice Levine insofar as she urges an amendment of Rule 11 to require that if a judge rejects a recommendation for sentencing, the defendant may withdraw the guilty plea and be tried for the offense, or the defendant may accept the sentence imposed. Although such a procedure may result in less realistic plea bargaining by the defendants, that result

is, in my opinion, outweighed by the real possibility that defendants do not always understand the Rule 11 process as well as prosecutors, defense counsel and judges would like to believe.

LEVINE, Justice, dissenting.

I believe the public interest is served better by changing Rule 11(d), NDRCrimP, which provides the procedure for plea agreements, to include bargained-for sentence recommendations. Therefore, I dissent.

Thompson agreed to plead guilty in exchange for the prosecutor's sentence recommendation of six years. The sentencing judge did not follow the prosecutor's recommendation, however, and sentenced Thompson to ten years' imprisonment. Thompson now argues that he should be allowed to withdraw his guilty plea.

The majority answers Thompson's argument by finding that the trial court did not abuse its discretion in denying Thompson's motion to withdraw his guilty plea. The trial court found that Thompson "was fully aware of his rights and no binding agreement had been entered into between the parties." *Ante* at 318.

The Michigan Supreme Court was faced with this issue in *People v. Killebrew*, 416 Mich. 189, 330 N.W.2d 834 (1982). Basing its decision on the defendant's perspective of the plea bargain, the court held that after rejecting the prosecutor's recommendation, the sentencing court then must give the defendant the opportunity to affirm or withdraw his or her guilty plea. The court stated:

"Although the prosecutorial 'recommendation' would seem to inform the defendant of the consequences of his plea—that the prosecutor is merely suggesting a sentence and that the judge is not bound to follow the recommendation—the truth is that most defendants rely on the prosecutor's ability to secure the sentence when offering a guilty plea. This is true even when the court specifically admonishes the defendant that it is not bound by the prosecutor's recommendation. All disclaimers that the court is

not bound are often viewed as ceremonial incantations.

.     .     .     .     .

"To most defendants, the distinction between a sentence agreement and a sentence recommendation is little more than a variation in nomenclature." *Id.* 330 N.W.2d at 842.

The *Killebrew* approach, in my opinion, is more reasonable. If the sentencing judge accepts the prosecutor's recommendation, then the defendant is bound by his or her guilty plea. If the judge rejects the recommendation, then the defendant may withdraw the guilty plea and exercise his or her constitutional right to a jury trial, or the defendant may affirm the guilty plea and accept the sentence imposed by the judge. Nothing, then, is lost by either side; at worst, the parties return to their positions before entering into the plea bargain. Although rape has been called "one of the most personally humiliating of all crimes," *Neil v. Biggers*, 409 U.S. 188, 200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), the charge against the defendant is not at issue here. Rather, *any* defendant should be able to reevaluate his or her decision to plead guilty when the judge rejects the prosecutor's recommendation.

Rule 11(d), NDRCrimP, provides, in relevant part:

"(4) *Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court, on the record, shall inform the parties of this fact, advise the defendant personally in open court or on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise defendant that if the defendant persists in a guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

Rule 11(d) should be changed to include the court's rejection of a bargained-for sentence recommendation under this procedure.

Although we addressed a similar situation in *State v. Werre*, 453 N.W.2d 826 (N.D.1990), the defendant in that case argued that he was guaranteed the sentence recommended by the prosecutor. This court held only that the record did not support the defendant's assertion and that the sentencing court's rejection of the recommendation was not a manifest injustice under Rule 32(d)(1), NDRCrimP. I do not dispute that our rules dictate the result reached in *Werre* and by the majority here. I, however, would take this opportunity to change Rule 11(d) and what I believe is an unreasonable and unnecessary result.