**STATE of North Dakota, Plaintiff and Appellee**

v.

**Michael James HOBUS, Defendant and Appellant.**

**Crim. No. 940392.**

Supreme Court of North Dakota.

July 27, 1995.

Thomas H. Falck, Jr., Asst. State's Atty., Grand Forks, for plaintiff and appellee. Submitted on brief.

Arline F. Schubert, Nelson, Schubert, McKechnie & Madsen, P.C., Grand Forks, for defendant and appellant. Appearance by Byron Loewen, Law Student.

VANDE WALLE, Chief Justice.

Michael James Hobus appealed an order of the district court, Northeast Central Judicial District, denying his motion to withdraw his plea of guilty to the charge of distributing marijuana. Because there is no manifest injustice requiring that Hobus be allowed to withdraw his plea, we affirm.

Hobus pleaded guilty on September 21, 1993, to delivering 1600 grams of cocaine, a class B felony. Hobus originally pleaded not guilty and the guilty plea resulted from a change of mind during jury voir dire. When notified of the change of plea, the trial court extensively examined Mr. Hobus in order to assure itself that the plea was knowing and voluntary. Hobus indicated that he was not threatened and that the state promised only to recommend a lighter sentence and stated he was aware that the promise was not binding on the court. The transcript of the proceedings shows that Hobus knew that he was giving up the right to a jury trial and that he could be sentenced to the maximum of ten years plus a $10,000 fine. The transcript reflects that the court established a sufficient factual basis for the plea, mostly from Hobus's own testimony. Hobus specifically stated on the record that his plea was voluntary, based on family considerations, and that he was satisfied with the services of his attorney.

On this appeal, Hobus argues that his plea was the result of coercion, that he felt forced into it by the prospect of receiving a ten-year sentence if he were to go to trial, and that he received ineffective assistance of counsel because his attorney did not properly prepare for trial and sufficiently consider the entrapment defense.

■ Absent a showing of manifest injustice, a defendant should not be allowed to withdraw a guilty plea after sentencing. N.D.R.Crim.P. 32(d)(1); *State v. Werre*, 453 N.W.2d 826 (N.D.1990). Unless a trial court abuses its discretion, we will not reverse a trial court's determination of whether there exists a manifest injustice. *E.g., Werre, supra.*

■ In denying Hobus's motion to withdraw his guilty plea, the district court specifi-

cally found that the "decision to plead guilty rather than attempt to convince the jury that he was entrapped was a 'voluntary and intelligent choice among alternative courses of action open to the defendant.'" [citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)]. The district court considered it unlikely that a jury would find that the one hundred and fifty dollars Hobus received for participating in the drug deal constituted entrapment as defined by section 12.1–05–11, NDCC. The court stated that, by pleading guilty, "Hobus avoided this uncertainty and enjoys the benefits of a more lenient sentence." The transcript of the proceedings regarding the guilty plea reflects that Hobus answered unequivocally to all of the questions put to him regarding voluntariness. The transcript supports the district court's finding that Hobus made a voluntary choice.

Hobus could have received a sentence of ten years. Hobus was sentenced to only one year at the state penitentiary, with ten months suspended, and three years supervised probation. In order that Hobus could keep his job and help support his family, the sentence was later amended to permit Hobus to serve the sentence on weekends at the Grand Forks County Correctional Center. This leniency in sentencing, combined with the apparent voluntariness of the plea, clearly shows an absence of any manifest injustice. Thus, the district court's denial of the rule 32(d), N.D.R.Crim.P., motion to withdraw the guilty plea was not an abuse of discretion.

We cannot conclude from the record that Hobus's trial counsel was ineffective. Thus, this appeal is not the most appropriate forum for raising that issue. *E.g., State v. Ricehill,* 415 N.W.2d 481 (N.D.1987).

We affirm.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.