STATE of North Dakota, Plaintiff and Appellee,

v.

Glenn Roy HALTON, Defendant and Appellant.

Glenn Roy HALTON, Petitioner and Appellant,

v.

STATE of North Dakota, Respondent and Appellee.

Cr. No. 940207.
Civ. No. 940389.

Supreme Court of North Dakota.

July 27, 1995.

As Corrected Aug. 4, 1995.

Tom P. Slorby, Minot, for appellant.

John P. Van Grinsven, III, Asst. State's Atty., Minot, for appellee.

SANDSTROM, Justice.

Glenn Roy Halton appeals from orders denying his petition and application for post-conviction relief, his motion for reduction of sentence, his motion to withdraw the guilty plea, and his judgment of conviction. We affirm, concluding Halton has failed to establish his sentence was the result of racial bias or other impropriety.

I

Glenn Roy Halton was charged with gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(d), after he admitted having sexual intercourse with a girl under fifteen years of age. The crime is a class A felony with a maximum sentence of twenty years imprisonment, a fine of $10,000, or both.

Halton originally pled not guilty to the charge. After plea negotiations with the State's Attorney, Halton and his attorney signed an "Open Plea and Recommendation." The document states the prosecution will

only *"recommend"* a sentence of eighteen months incarceration with all but twelve months suspended. The document states it is not subject to Rule 11(d), N.D.R.Crim.P., and Halton may not withdraw his plea if the court exceeds the prosecution's recommendation.

At the change-of-plea hearing, the trial court received the "Open Plea and Recommendation," advised Halton of the rights he was waiving, questioned Halton about the voluntariness of his plea, heard testimony establishing a factual basis for the plea, and accepted the plea of guilty. The court ordered a pre-sentence investigation.

At the sentencing hearing, Halton argued for a lighter sentence. The prosecutor made the agreed-upon recommendation. The court stated "[a]ll parties realize that the Court is not bound by either" recommendation. The court had the pre-sentence investigation report which included Halton's prison record. The court sentenced Halton to ten-years imprisonment, with six years suspended if Halton completed a sex-offender's program.

Halton moved for a reduction of sentence, a withdrawal of his guilty plea, and post-conviction relief. Halton argued he should be able to withdraw his plea because the trial court rejected the State's recommended sentence. Halton also argued the trial court imposed a longer sentence because he is black. The court denied his motions.

The district court had jurisdiction under Art. VI § 8, N.D. Const., and N.D.C.C. §§ 27–05–06(1), 29–32.1–03. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29–28–06(2). We have jurisdiction under N.D.C.C. § 29–28–06(5) for the orders denying post-conviction relief and motion to withdraw the guilty plea.

■ The order denying the motion for reduction of sentence under Rule 35, N.D.R.Crim.P., is not appealable. *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73, 77 (N.D.1981); *State v. Gunwall,* 522 N.W.2d 183, 184–85 (N.D.1994).

The appeal was timely under Rule 4(b)(1), N.D.R.App.P.

## II

Halton argues he has a right to withdraw his guilty plea. He contends the trial court did not follow the recommendation, and the State implicitly violated the agreement when it contested Halton's post-conviction claims.

■ On appeal from a guilty plea, the defendant must prove a manifest injustice to withdraw the plea. *State v. Thompson,* 504 N.W.2d 315, 319 (N.D.1993). We review the trial court's denial of the motion to withdraw for an abuse of discretion. *Thompson.*

### A

■ Halton claims Rule 11(d), N.D.R.Crim.P., applies to the Open Plea and Recommendation. Under Rule 11(d)(4), N.D.R.Crim.P., if the court rejects a plea agreement, it must give the defendant an opportunity to withdraw his plea.

The document signed by Halton and his attorney explicitly stated "the defendant shall not be permitted to withdraw the guilty plea entered should the sentencing court exceed the State's recommendation in that this Open Plea and Recommendation is not subject to Rule 11(d) of the North Dakota Rules of Criminal Procedure." Even if Rule 11(d) applied to Halton's plea, it was not violated. The Open Plea and Recommendation allowed Halton to plead guilty in exchange for the State's recommendation of a lighter sentence. If it were considered a plea agreement, it did not require a particular sentence be entered—only recommended. The trial court did not reject that agreement. Halton pled guilty and the State recommended the sentence. The trial court disagreed with the recommended sentence. The court did not follow the State's recommendation, and imposed its own sentence. Rule 11(d)(4) deals only with the rejection of a *plea agreement*, it does not contemplate the trial court's rejection of the State's *recommendation*. Because the trial court did not reject a plea agreement, Rule 11(d), N.D.R.Crim.P., was not violated.

■ Halton contends the trial court did not advise him it might not follow the State's recommended sentence. We addressed the same issue in *Thompson.* Due process is

satisfied if the defendant's knowledge of the nonbinding nature of the sentence recommendation is clearly reflected from the whole record. *Thompson* at 319. The evidence is overwhelming that Halton knew the recommendation was not binding.

At the arraignment, the sentencing court advised Halton the charge of gross sexual imposition is a class A felony with a maximum penalty of twenty years imprisonment, a fine of $10,000, or both. Halton and his lawyer read the sentence recommendation document and signed it. The relevant portion of the document stated:

"Admitting the truth of the allegation(s) contained in the Information charging him with Gross Sexual Imposition, a Class A Felony, the Defendant, Glenn Roy Halton, hereby agrees to enter a plea of guilty to the offense(s) charged. In exchange therefor, the State of North Dakota, recognizing that prompt and certain application of correctional measures and that swift and certain punishment serves the ends of both general deterrence and rehabilitation, agrees to *recommend* to the Court the following sentence and disposition: ..." (Emphasis in original.)

Before Halton changed his plea from not guilty to guilty, the prosecutor explained the change of plea and the open plea recommendation to the court, in the presence of Halton. The court then questioned Halton on the change of plea:

"THE COURT: All right. And you're doing this on your own? Obviously you and your attorney have visited with the State as to an open plea agreement—

THE DEFENDANT: Yes, sir.

THE COURT:—is that correct? All right. Nobody forced you to change your plea? This is something you're doing after discussions with your lawyer?

THE DEFENDANT: Yes, it is.

THE COURT: Mr. Slorby, do you feel that Mr. Halton fully understands the nature of the charge and more particularly the nature of a change of plea from not guilty to guilty?

MR. SLORBY: He does, Your Honor.

THE COURT: All right. For the record, then, Glenn Roy Halton, do you change your plea from that of not guilty to guilty?

THE DEFENDANT: Yes, sir."

Finally, Halton stated his understanding of the sentence recommendation:

"THE COURT: Mr. Halton, you have heard the comments of both lawyers, what's your thoughts?

THE DEFENDANT: Well, all I say was she told me that she was 16 and everybody told me that she was 16 and I believed it, okay. And she was coming on to me and that's about it. And so I sat here for four months, and I thought about this and I knew I made a mistake and I know what the consequences are, and I know that if you feel like you need to send me away, then you have every right to; if you feel like giving me a chance, it's okay."

The record clearly reflects Halton knew the nonbinding nature of the sentence recommendation. Halton's due process rights were satisfied.

■ The trial court's failure to follow the sentence recommendation is not a manifest injustice requiring withdrawal of Halton's guilty plea. *See State v. Werre,* 453 N.W.2d 826, 827 (N.D.1990). The trial court did not abuse its discretion.

## B

■ Halton argues the State implicitly violated the sentence recommendation agreement when it contested Halton's claims for post-conviction relief. Halton contends the State was bound by the agreement to argue only for the recommended sentence.

The State fulfills its obligation when it makes the recommendation agreed upon by the parties. *Thompson* at 319. Halton concedes the State followed the sentence recommendation agreement through sentencing and made the recommendation.

The Open Plea and Recommendation states once the trial court enters a sentence, all of the parties will be bound. When the trial court sentenced Halton, both parties became bound under the agreement to follow

that sentence. The State did not violate the agreement.

The trial court did not abuse its discretion by denying Halton's motions.

### III

■ Halton next argues the trial court abused its discretion by not considering the victim's age when sentencing him. Halton contends the seriousness of gross sexual imposition diminishes as the victim's age approaches fifteen. He concedes age is irrelevant to the substantive crime and defense, but argues it should be relevant in the aggravation or mitigation of the sentence. Halton's only support for this argument is a 1965 Michigan Law Review article.

The gross sexual imposition statute, N.D.C.C. § 12.1–20–03, makes no distinction in punishment when the victim is less than fifteen years old. The list of factors a court shall consider in sentencing, N.D.C.C. § 12.1–32–04, does not mention the age of the victim.

We decline to hold the trial court abused its discretion based solely on the opinions found in a dated law review article from another state.

### IV

■ Halton introduced statistics from Ward County on sentencing of gross sexual imposition defendants. According to Halton, the statistics proved disparate sentencing by trial courts in Ward County: the courts' sentences were harsher on minority defendants. Halton explained this racial discrimination at the motions hearing:

"[Prosecutor] If we're going to address it, let's address it. Race motivated by whom?

[Defendant] By the white community.

[Prosecutor] Okay. Well, are you saying that the prosecution is biased by race or the Judge is biased by race? Whom?

[Defendant] No, I was talking about the whole nation. Not one person, but the whole united nation of whites."

■ A trial judge has the widest range of discretion in fixing a criminal sentence.

*State v. Ennis,* 464 N.W.2d 378, 382 (N.D. 1990). Our review is limited to whether the judge acted within the limits of the statute, or substantially relied on an impermissible factor. *Ennis.* The court sentenced Halton well within the limits of the gross sexual imposition statute.

■ A defendant's race is a constitutionally impermissible factor in sentencing. *Zant v. Stephens,* 462 U.S. 862, 885, 103 S.Ct. 2733, 2747, 77 L.Ed.2d 235, 255 (1983). Sentencing an offender based on race, national origin, or alienage violates the Constitution. *United States v. Onwuemene,* 933 F.2d 650, 651 (8th Cir.1991).

■ The defendant has the burden of proving the existence of purposeful discrimination. *McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262, 278 (1987). In *McCleskey,* the United States Supreme Court addressed the issue of whether a statistical study indicating a risk of racial discrimination in capital sentencing proved McCleskey's constitutional rights were violated. The study, termed the Baldus study, examined over 2,000 murder cases in Georgia and subjected the data to extensive analysis which took into account 230 variables. *McCleskey,* 481 U.S. at 286–87, 107 S.Ct. at 1764, 95 L.Ed.2d at 274–75. The study concluded black defendants were 1.1 times as likely to receive a death sentence as other defendants. *McCleskey,* 481 U.S. at 287, 107 S.Ct. at 1764, 95 L.Ed.2d at 275.

■ ■ The Supreme Court accepted the Baldus Study as statistically valid, but held the study was "clearly insufficient to support an inference that any of the decisionmakers in McCleskey's case acted with discriminatory purpose." *McCleskey,* 481 U.S. at 297, 107 S.Ct. at 1770, 95 L.Ed.2d at 281–82. The Supreme Court reached this conclusion based on the unique nature and necessity for discretion in the sentencing decision. "Because discretion is essential to the criminal justice process, we would demand exceptionally clear proof before we would infer that the discretion has been abused." *McCleskey,* 481 U.S. at 297, 107 S.Ct. at 1770, 95 L.Ed.2d at 281. A trial court is given great discretion when imposing sen-

tences and appellate review is very limited. *See Ennis;* see also *McCleskey,* 481 U.S. at 312, 107 S.Ct. at 1778, 95 L.Ed.2d at 291 (stating disparities in sentencing are an inevitable part of criminal justice system and noting the creation of sentencing guidelines for the federal courts).[1] Further, if only slight differences among sentences were challenged, the trial court would never be able to impose the full statutory sentence. *See McCleskey,* 481 U.S. at 297, 107 S.Ct. at 1770, 95 L.Ed.2d at 281.

Halton has not presented us with evidence of the breadth or magnitude rejected by the United States Supreme Court in *McCleskey.* Halton has conducted no statistical analysis and presents us only with raw data of gross sexual imposition defendants in Ward County. According to Halton, 1991 was the first year a minority defendant was sentenced by a Ward County court for a class A felony under the gross sexual imposition statute. Since 1991, the Ward County courts have sentenced three white defendants for class A felony gross sexual imposition. The average sentence for white defendants from 1991 until 1994 was 3.67 years. Since 1991, the Ward County courts have sentenced four minority defendants for class A felony gross sexual imposition. The average sentence of a minority defendant, including Halton, during this time was 4.25 years. These statistics do not take into account other factors such as a previous criminal record, the differences among sentencing judges, and a heightened public concern with sex crimes and children. Halton's statistics do not show disparate sentencing practices in Ward County. The slight difference in sentence lengths does not prove purposeful discrimination. The sentences were all below the maximum sentence of twenty years.

Halton has not shown the trial court substantially relied on any impermissible factor in sentencing.

## V

The appeal of the order denying the motion for reduction of sentence is dismissed as not appealable, the remaining appealed orders of the trial court are affirmed. The judgment of conviction is affirmed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

LEVINE, Justice, dissenting.

I adhere to my dissent in *State v. Thompson,* 504 N.W.2d 315 (N.D.1993). An unaccepted sentence recommendation ought to allow the defendant to withdraw his guilty plea. I, therefore, respectfully dissent.

---

1. North Dakota state courts are not bound by sentencing guidelines. A list of factors to be considered is found in N.D.C.C. § 12.1–32–04. The statute does not control the trial court's discretion and the court does not have to explicitly refer to the factors at sentencing.

Under N.D.C.C. § 12.1–32–02(6), the trial court is to prepare a written statement to accompany the sentence. The statute does not change

our review of the court's discretion. *Ennis* at 382.

These sections do not require a sentencing court to make explicit reference to the factors and do not affect the trial court's discretion. Contrary to Halton's contention, the trial court did not abuse its discretion by failing to specifically address the sentencing factors.