2000 ND 26

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Patrick John FARRELL, Defendant and Appellant.**

**No. 990197.**

Supreme Court of North Dakota.

Feb. 22, 2000.

Jennifer Lynn Thompson, Assistant State's Attorney, Fargo, for plaintiff and appellee.

Monty G. Mertz, Fargo, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Patrick J. Farrell appealed from a criminal judgment entered on a plea of guilty to forgery in violation of N.D.C.C. § 12.1–24–01. Because the trial court, in accepting Farrell's guilty plea, failed to substantially comply with the requirements of N.D.R.Crim.P. 11(c), and because the record shows Farrell did not fully understand the nature of his informal agreement for a nonbinding sentence recommendation from the State, we reverse the judgment and remand to the trial court to permit Farrell to withdraw his guilty plea.

I

[¶ 2] Farrell was charged with burglary and forgery, class C felonies, after he cashed a stolen check at a Fargo bank. Before the preliminary hearing, plea negotiations occurred. The State informally agreed to move for dismissal of the burglary charge and make a nonbinding recommendation to the court for a one year and one day sentence of imprisonment if Farrell pled guilty to forgery.

[¶ 3] On June 17, 1999, the day set for his preliminary hearing, Farrell pled guilty to forgery.

THE COURT: ... First of all, Mr. Farrell, you understand that you have the right to plead guilty or not guilty as you wish to Count One, Forgery?

THE DEFENDANT: Yes, I do.

THE COURT: And you understand the nature of this charge? What it's about?

THE DEFENDANT: Yes.

THE COURT: Okay. You understand, sir, that if you plead guilty the maximum penalty that you could receive, it being a Class C Felony, is five years in prison and/or a Five Thousand Dollar fine?

THE DEFENDANT: Right.

THE COURT: Okay. And did you hear and understand the Constitutional Rights that the Court gave you on an earlier date?

THE DEFENDANT: Yes.

THE COURT: And do you understand that if you plead guilty, you'd be waiving your right to any trial proceedings of any kind, including your right to cross-examine those witnesses who would have appeared to testify against you at trial, if you had one?

THE DEFENDANT: Right.

THE COURT: And as (sic) anyone promised your (sic) anything or threatened you in any way or attempted to use force against you to get you to enter a guilty plea here today?

THE DEFENDANT: No, sir.

. . . .

THE COURT: How say you Patrick John Farrell to Count One, Forgery, ... guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Your guilty plea is on the record. The Court finds it to be voluntary.

[¶ 4] After Farrell concurred with the prosecutor's recitation of the facts, the court found there was a sufficient factual basis and accepted the plea. The prosecutor then recommended Farrell be sentenced to imprisonment for one year and one day, defense counsel requested the same sentence, and the court dismissed the burglary charge with prejudice.

THE COURT: Anything you wish to state, sir?

THE DEFENDANT: No, sir.

THE COURT: How old are you, Mr. Farrell?

THE DEFENDANT: 35

THE COURT: You're not going to stop this, are you?

THE DEFENDANT: Oh, I believe I am.

THE COURT: Well, you seem to have quite a habit here. You've got a pretty good record going. By that I mean pretty bad record, actually. And I don't know that we can get the money out of you or not. So it is the order and sentence of the Court that, Patrick John Farrell, on Count One Forgery, a Class C Felony, shall serve five years with the North Dakota Department of Correction and Rehabilitation, all but three of those years are suspended for the rest of the five year period. And you'll serve the suspended period on probation, supervised, ... And you will also pay attorney's fees in the amount of Three Hundred Dollars, because I find those are fair and reasonable based on my experience in this.... Then the restitution shall be in the amount of Twelve Hundred Dollars.... The Defendant's remanded to the custody of the Cass County Sheriff's Office. Thank you.

[¶ 5] Following a short discussion about whether his North Dakota sentence would run concurrently with a sentence Farrell was presently serving in Minnesota, Farrell questioned the court:

THE DEFENDANT: Now did I plead to a year or to two years?

THE COURT: You pled to Forgery.

THE DEFENDANT: Right.

THE COURT: And you got three years to serve and then two years probation. What you did was he got five years. Three years of that will be incarceration and then two years after that will be probation, supervised.

MR. NORDENG: I think what's confusing to him is that the State recommended a year and I concurred with that recommendation.

THE COURT: And I went beyond the State's recommendation.

MR. NORDENG: The Court did not follow it.

THE COURT: Because of your record. It was a recommendation. It wasn't a plea bargain.

THE DEFENDANT: Well then I have a right to change my plea then also, don't I?

THE COURT: No. Not on a recommendation. On a plea bargain you would. Not on a recommendation.

THE DEFENDANT: So I can plead guilty and then you can change the sentence into whatever you want then.

THE COURT: No, a recommendation is like a contractor's estimate. They give you an estimate for the job and, you know, it turns out to be more. This is just a recommendation. It's not a bargain. They say they'll recommend, you know, a year and a day. You and your attorney say, well, that sounds good. We hope the Judge takes it. You come in front of the Judge and the Judge doesn't take it. No problem. The Supreme Court of North Dakota says on a recommendation that's the way it can be handled. On a plea bargain it would be different. So that's the way that works. So you can finish Minnesota, then come over to us. Okay. Thank you.

[¶ 6] Farrell appealed from the criminal judgment and commitment.

## II

[¶ 7] Although Farrell made no formal motion to withdraw his guilty plea under N.D.R.Crim.P. 32(d), we treat this case as if a formal motion had been made by Farrell and denied by the trial court. After the court pronounced sentence, Farrell immediately expressed confusion over what had happened and told the judge he be-

lieved he had the right to change his plea. The court told him "[n]o," and proceeded to explain the difference between a plea "bargain" and a "recommendation," and closed the hearing. These circumstances are tantamount to a request by Farrell to withdraw his guilty plea and a refusal by the trial court to allow him to do so.

[¶ 8] After a court has accepted a guilty plea and imposed sentence, a defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. *State v. Klein*, 1997 ND 25, ¶ 15, 560 N.W.2d 198. A manifest injustice may result from procedural errors by the sentencing court. *State v. Gunwall*, 522 N.W.2d 183, 185 (N.D.1994). The determination of a manifest injustice is ordinarily within the trial court's discretion, and will be reversed on appeal only for an abuse of discretion. *State v. Hobus*, 535 N.W.2d 728 (N.D.1995). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *Berlin v. State*, 604 N.W.2d 437, 2000 ND 13, ¶ 14.

[¶ 9] Before accepting a guilty plea, the trial court must advise the defendant of certain rights under N.D.R.Crim.P. 11. *State v. Magnuson*, 1997 ND 228, ¶ 16, 571 N.W.2d 642. The advice required to be given by Rule 11 is mandatory and binding on the court. *State v. Schumacher*, 452 N.W.2d 345, 346 (N.D. 1990). Although Rule 11 does not require any ritualistic, predetermined formality by the trial court, the court must substantially comply with the procedural requirements of the rule to ensure the defendant is entering a voluntary plea of guilty. *State v. Hoffarth*, 456 N.W.2d 111, 113 (N.D. 1990).

[¶ 10] Farrell argues the trial court failed to substantially comply with the requirements of N.D.R.Crim.P. 11(c), which provides:

*Insuring that the plea is voluntary.* The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c) ] in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from previous discussion between the prosecuting attorney and the defendant or the defendant's attorney.

Specifically, Farrell contends he should have been allowed to withdraw his guilty plea because the trial court did not ask Farrell whether his guilty plea resulted from previous discussions with the prosecuting attorney, and because he was not advised the court could reject the prosecutor's recommended sentence.

[¶ 11] This Court has previously dealt with guilty plea challenges based on the second sentence of N.D.R.Crim.P. 11(c) and the nonbinding nature of plea-negotiated recommendations for sentencing. In *State v. Beckman*, 1999 ND 54, ¶ 9, 591 N.W.2d 120, and *Hoffarth*, 456 N.W.2d at 113, the defendants sought to have their guilty pleas withdrawn because the trial court did not ask them whether their pleas resulted from prior discussions between the defendant and the prosecuting attorney. This Court noted the purpose of the second sentence of Rule 11(c) is for the trial court to ascertain whether the plea of guilty is the product of plea negotiations. *Beckman*, at ¶ 11; *Hoffarth*, at 114. Although the trial court did not ask the question in words that mirrored the second sentence of Rule 11(c), we held there was substantial compliance with the rule in those cases because the very information the rule was designed to elicit had nevertheless been discussed during the guilty plea hearing. *Beckman*, at ¶ 14; *Hoffarth*, at 114. In *Beckman*, at ¶¶ 12–14, the attorneys explicitly told the trial court there was no plea agreement in the case and the defendant acknowledged in response to the trial court's question that she understood the court could sentence her to more or

less than the prosecutor recommended. In *Hoffarth*, at 113–14, the trial court was also expressly told by the prosecutor there was no plea agreement regarding sentencing and the State would be recommending the maximum penalty, and the defendant acknowledged in response to the trial court's question that no one had promised him he would receive a certain sentence in exchange for the guilty plea.

[¶ 12] In *State v. Halton*, 535 N.W.2d 734, 736 (N.D.1995), and *State v. Thompson*, 504 N.W.2d 315, 319 (N.D.1993), the defendants, who, like Farrell, had reached an agreement with the State to plead guilty if the prosecutors recommended certain sentences, argued they should be allowed to withdraw their guilty pleas because the trial court did not specifically advise them that the court was not bound by the State's recommended sentence. We rejected the defendants' arguments and held their due process rights were satisfied because the defendants' knowledge of the nonbinding nature of the sentence recommendation was clearly reflected from the whole record. *Halton*, at 737; *Thompson*, at 319. In *Halton*, at 736–37, the defendant had signed a document stating he may not withdraw his plea if the court exceeds the prosecution's recommendation and the defendant essentially testified the court was free to choose an appropriate sentence. In *Thompson*, at 317–19, the prosecutor told the court in the defendant's presence the plea was the result of an agreement to only recommend a certain sentence and the court was not bound by it, and the defendant's understanding of the nonbinding nature of the recommendation was further evidenced by the untimely nature of his request to withdraw the plea, made three months after the prosecutor's sentence recommendation was rejected.

[¶ 13] In *State v. Werre*, 453 N.W.2d 826 (N.D.1990), the defendant argued he should be allowed to withdraw his guilty plea because he did not receive the specific sentence promised in a plea agreement for a recommended sentence. We rejected the defendant's argument because the record unequivocally showed the trial court specifically advised the defendant it might not follow the recommendation and the defendant acknowledged that he understood. *Werre*, at 826–27.

[¶ 14] The common thread in *Beckman*, *Hoffarth*, *Halton*, *Thompson* and *Werre* is the record in each case affirmatively established the defendant had been advised or otherwise knew the trial court was not required to follow the prosecutor's sentence recommendation. That thread is not present in this case.

[¶ 15] As we noted in *Beckman* and *Hoffarth*, the purpose for the Rule 11(c) inquiry whether the defendant's willingness to plead guilty results from previous discussions between the prosecuting attorney and the defendant is for the trial court to ascertain whether the plea of guilty is the result of plea negotiations. The State argues the purpose of the rule was served in this case because the court knew prior to the change of plea and sentencing hearing no "plea agreement" had been reached because a written plea agreement had not been filed with the court at least 24 hours before the hearing as required by a local court rule. *See* Local Rule 3, Plea Agreements, East Central Judicial District. The State's argument is flawed for two reasons.

■ [¶ 16] First, a variety of binding and nonbinding plea agreements can result from plea negotiations. *See Klein*, 1997 ND 25, ¶ 17, 560 N.W.2d 198, and *DeCoteau v. State*, 504 N.W.2d 552, 558 n. 2 (N.D.1993) (discussing different forms of plea agreements). Not all plea agreements are reduced to writing. There obviously was an informal plea agreement or understanding in this case, even though it was unwritten. Farrell agreed to plead guilty to forgery in exchange for the State dropping the burglary charge and making a nonbinding recommendation of sentence. Under our rules, a plea agreement includes situations in which the defendant agrees to plead guilty in exchange for dis-

missal of charges or the nonbinding recommendation of a particular sentence. N.D.R.Crim.P. 11(d)(1).

[¶ 17] Moreover, the State misperceives the intended beneficiary of the N.D.R.Crim.P. 11(c) requirements. The requirement that the court inquire whether the defendant's willingness to plead guilty resulted from previous discussions between the prosecuting attorney and the defendant is intended to facilitate examination of the voluntariness of the defendant's plea, not merely to satisfy the trial court's curiosity. The provisions of N.D.R.Crim.P. 11(c) are virtually identical to F.R.Crim.P. 11(d), and the reason for the second sentence of the rule is explained in the Notes to Advisory Committee on Rules, F.R.Crim.P. 11, by a one-sentence quotation from *Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971): "The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." The information sought to be elicited by the rule is intended to alert the trial court about plea negotiations so the court can further inquire about the negotiation process to assess the defendant's understanding of the terms of any resulting agreements. *See* 1A Wright, *Federal Practice and Procedure: Criminal 3d* § 175.1, at pp. 255–56 (1999).

[¶ 18] The existence of the informal agreement for a nonbinding sentence recommendation here distinguishes *Beckman* and *Hoffarth*, where we said the purpose of the rule was fulfilled. In *Beckman*, there was no plea agreement whatsoever, so there was no need for the court to make further inquiry about plea negotiations. Likewise, in *Hoffarth*, there had been no agreement on sentencing and the prosecutor told Hoffarth the State would recommend the maximum penalty, so inquiring into plea negotiations would have revealed nothing. Here, plea discussions resulted in Farrell agreeing to plead guilty in exchange for dismissal of the burglary charge and the State's nonbinding recommendation of imprisonment for a year and a day. It should have been apparent to the trial judge that discussions between the prosecutor and defense counsel had resulted in this understanding. Those circumstances make clear some promise had been made to Farrell and the trial court could not rely on Farrell's negative response to the court's inquiry about promises. Where the trial court is so alerted, it must make additional inquiry to satisfy the concerns of the second sentence of Rule 11(c). The trial court's failure to recognize some promise had been made to Farrell led to the court's further failure to inquire into Farrell's understanding of the informal plea agreement and the voluntariness of his resulting guilty plea. Further inquiry would undoubtedly have fleshed out Farrell's understanding of his informal plea agreement and satisfied the requirements of N.D.R.Crim.P. 11(d)(2) that such agreements be placed on the record.

[¶ 19] There is no specific requirement in N.D.R.Crim.P. 11 that the court inform the defendant it is not bound by a prosecutor's nonbinding recommendation of sentence. In 1979, F.R.Crim.P. 11 was amended to require that, in cases involving nonbinding sentence recommendations, the court advise the defendant he has no right to withdraw the plea if the court does not accept the recommendation. *See* F.R.Crim.P. 11(e)(2). The amendment was intended to establish for the record the defendant's awareness of "the nature of the agreement into which he has entered." Notes of Advisory Committee on Rules, F.R.Crim.P. 11. Even before the amendment, however, some federal trial courts were directed to inform defendants who had gone through plea negotiations, in gauging their understanding of the terms of resulting agreements, that the court was not obligated to accept any recommendation or bargain reached by the parties to "avoid ostensible claims by defendants of unfairness in the guilty plea process and minimize the escalating number of cases

complaining of aborted plea bargains, involuntary pleas, or frustrated plea expectations." *Paradiso v. United States,* 482 F.2d 409, 413 (3rd Cir.1973). When a trial court learns of informal plea negotiations resulting in an agreement to make a nonbinding sentence recommendation, the court should inform the defendant it is not bound by the recommendation so that the defendant fully understands the terms of the agreement.

[¶ 20] Although the State argues Farrell knew the recommendation was not binding on the trial court because the court informed him about the maximum five-year penalty he could receive if he pled guilty, we do not believe this information necessarily conveyed to Farrell that the judge in his case was not bound by the prosecutor's recommended sentence. Immediately after the trial court pronounced sentence, Farrell was confused and told the court he thought he would be able to withdraw his guilty plea if the recommended sentence was not accepted. Only then did the trial court explain the difference between nonbinding sentence recommendations and binding plea agreements. Farrell's confusion and his immediate objection call into question whether his plea was voluntary; on this record we cannot conclude it was.

[¶ 21] Because the record shows the trial court did not substantially comply with the requirements of N.D.R.Crim.P. 11(c) and Farrell did not fully understand the nature of his informal agreement for a nonbinding sentence recommendation from the State, we conclude withdrawal of Farrell's guilty plea is necessary to correct a manifest injustice. The trial court abused its discretion in not allowing Farrell to withdraw his guilty plea.

III

[¶ 22] The criminal judgment is reversed and the case is remanded to the trial court to permit Farrell to withdraw his guilty plea.

[¶ 23] DALE V. SANDSTROM, WILLIAM A. NEUMANN and MARY MUEHLEN MARING, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 24] I concur in the result. The colloquy between the judge and Farrell immediately subsequent to sentencing convinces me that Farrell did not understand the effect of the discussion between the prosecuting attorney and Farrell or Farrell's attorney. As a result, I agree Farrell's plea was not voluntary within the meaning of Rule 11(c) N.D.RCrim.P.

[¶ 25] I do not understand the majority to be abandoning the concept of binding and nonbinding plea agreements which has developed in our construction of Rule 11, N.D.R.Crim.P. *E.g., State v. Thompson,* 504 N.W.2d 315 (N.D.1993) (noting a nonbinding recommendation of sentence and a binding plea agreement under Rule 11(d) are not the same); *State v. Werre,* 453 N.W.2d 826 (N.D.1990). To the extent the majority may be read to muddy that distinction, I adhere to the majority position in *Thompson* and my special concurrence at 319 of that opinion.