UNITED STATES of America, Appellee,

v.

**Karen S. HARPER, Appellant.**

No. 91–2347.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 25, 1991.

Decided Oct. 16, 1991.

---

1. I agree with the court that Patterson's ineffective assistance claim should be raised in a petition under 28 U.S.C. § 2255.

William H. McKimm, Mount Ida, Ark., for appellant.

J. Michael Fitzhugh and David R. Ferguson, Fort Smith, Ark., for appellee.

Before ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

ARNOLD, Circuit Judge.

Karen Harper was charged by information with placing an unauthorized structure in the Ouachita National Forest, in violation of 36 C.F.R. § 261.10(a), and also with camping within the National Forest for more than thirty days, in violation of 36 C.F.R. § 261.58(a). After trial before the Court sitting without a jury, she was found guilty. The Court sentenced her to six months' imprisonment and a fine of $500.00, plus a special assessment of $10.00 on each count. She brings this appeal.

█ Two appellant's briefs are before us, one filed by appointed counsel and the other filed by appellant pro se. We have considered the arguments in the pro se brief and hold that they are without merit. Because the maximum term of imprisonment that could be imposed was six months, see 16 U.S.C. § 551, the Constitution does not require trial by jury. *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). Appellant's argument that she was entitled, as a miner of quartz crystals, to erect the structure in question and camp in the National Forest for more than thirty days is also without merit. These claims have been the subject of civil litigation against the Forest Service, in all of which the Service has prevailed. The facts underlying these unsuccessful civil suits by appellant do not give her a defense to the criminal prosecution now before us.

The arguments made in the brief filed by appointed counsel, however, do have merit, as the government commendably acknowledges. Brief for Appellee 4. The District Court did not afford Ms. Harper the right of allocution to which the Federal Rules of Criminal Procedure entitle her. Immediately after the close of the proof, the Court announced its finding of guilt on both counts. It then proceeded immediately to sentencing. The following took place:

[THE COURT:] It will be the order and judgment of the Court that you receive a fine of $500.00, together with the fact that you will receive a period of six months—

MR. McKIMM [Counsel for Defendant]: Your honor, can I interrupt the Court? May I have permission to interrupt?

THE COURT: No. The Court is [rendering] judgment in the matter now.

And on count 2, the judgment will be six months in custody of the Marshals Service.

Tr. 91.

Rule 32(a)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

(1) Imposition of Sentence ... At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the Government an opportunity to comment ... on ... matters relating to the appropriate sentence. Before imposing sentence, the court shall also—

\* \* \* \* \* \*

(B) afford counsel for the defendant an opportunity to speak on behalf of the defendant; and

(C) address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

█ This portion of the Federal Rules of Criminal Procedure applies fully in the present case, notwithstanding the fact that the crimes charged were only petty offenses. The Court did not determine that,

in the event of conviction, no sentence of imprisonment would actually be imposed. The Federal Rules of Criminal Procedure therefore apply, with some exceptions not here relevant. See Fed.R.Crim.P. 58(a)(2). This fact was simply overlooked by the District Court and, we suppose, by counsel for the United States as well. The case must therefore be remanded for resentencing.

 On remand, it will be up to the District Court to determine whether a presentence investigation should be conducted, and a report written by a probation officer to aid the Court in imposing sentence. Under Rule 32(c)(1), a presentence investigation and report must be made before sentence is imposed

> unless the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553, and the court explains this finding on the record.

Presentence investigations and reports are, in general, quite helpful, and they should normally be made as a routine matter. We leave to the District Court in the first instance, however, to determine, within its sound discretion, whether it wishes to dispense with this procedure because the requirements of Rule 32(c)(1) have been met.

The judgment of conviction is affirmed. The sentence is vacated, and the cause remanded to the District Court for resentencing.

Two motions are still pending that we need to address: a motion by appointed counsel for leave to withdraw, and a motion by the appellant pro se for appointment of new counsel. Both of these motions are denied. This action, however, is without prejudice to the right of counsel and his client to renew their respective requests before the District Court on remand. That Court is in the best position to assess the relationship between the defendant and her appointed lawyer. If present counsel is relieved, new counsel should be appointed to assist the defendant in connection with the resentencing.

Because the defendant is now incarcerated, and apparently has been since sentence was imposed on June 10, 1991, we direct that our mandate issue forthwith. We do not know whether the District Court will choose to change the sentence it originally imposed, but the resentencing must be prompt if defendant is to have a chance to get any benefit from our ruling.

It is so ordered.