1999 ND 54

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Jessica BECKMAN, Defendant and Appellant.**

No. 980273.

Supreme Court of North Dakota.

March 23, 1999.

Bruce A. Romanick, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Steven Balaban, Bismarck, N.D., for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Jessica Beckman appeals from the judgment of conviction entered on a plea of guilty to the crime of forgery. We affirm the acceptance of the plea and remand for resentencing consistent with this opinion.

I

[¶ 2] On April 14, 1998, the State issued a criminal complaint charging Jessica Beckman with forgery, a class C felony under N.D.C.C. § 12.1–24–01(2)(b)(5). On August 4, 1998, Beckman appeared in trial court for her preliminary hearing. Beckman pleaded guilty to forgery and was sentenced to five years with the Department of Corrections.

[¶ 3] Beckman appeals, arguing the trial court did not properly follow the requirements under Rules 11 and 32, N.D.R.Crim.P.

II

[¶ 4] Before accepting a guilty plea, the trial court must advise the defendant of certain rights under Rule 11, N.D.R.Crim.P. *State v. Magnuson*, 1997 ND 228, ¶ 16, 571 N.W.2d 642. This advice is mandatory and binding on the court. *Id.* at ¶ 16 Beckman argues the trial court did not follow the mandates of Rule 11(b)(3) and (c), N.D.R.Crim.P.

[¶ 5] Rule 11(b)(3), N.D.R.Crim.P., provides:

(b) *Advice to defendant.* The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, informing the defendant of and determining that the defendant understands the following:

. . . .

(3) That the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty.

Rule 11, N.D.R.Crim.P., does not require any ritualistic, predetermined formality by the trial court. *State v. Boushee*, 459 N.W.2d 552, 555 (N.D.1990). Instead, the court must substantially comply with the procedural requirements of the rule to ensure the defendant is entering a voluntary plea of guilty. *State v. Hoffarth*, 456 N.W.2d 111, 114 (N.D. 1990).

[¶ 6] Here, the trial court stated:

You are still presumed to be innocent of this offense and couldn't be found guilty unless your guilt is proven beyond a reasonable doubt.

You have a right to have a trial by jury. . . . At a trial your attorney could question witnesses who testify against you. . . . You would be able to testify, but you wouldn't be required to. If you decide not to, it wouldn't be held against you.

There are two pleas, they are guilty and not guilty. If you plead guilty you would be giving up the rights I've just explained to you and the only thing left to decide would be what penalty should be imposed. If you plead not guilty, further court proceedings will be scheduled.

Do you have any questions about anything I have said?

THE DEFENDANT: No, Your Honor.

[¶ 7] The explanatory note to Rule 11, N.D.R.Crim.P., states the requirements contained in Rule 11(b)(3) and (b)(4) contain the constitutional rights the defendant waives with a plea of guilty as set forth in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Boykin*, the United States Supreme Court specifically mentioned three constitutional rights involved in the waiver that takes place when a defendant pleads guilty. *Boykin*, 395 U.S. at 243, 89 S.Ct. 1709. First, is the privilege against self-incrimination as guaranteed by the Fifth Amendment. *Id.* Second, is the right to a jury trial. *Id.* Third, is the right to confront one's accusers. *Id.*

[¶ 8] The record clearly indicates the trial court discussed those rights and the fact they would be waived if Beckman pleaded guilty. Based on the record before us, we hold the

trial court did not violate Rule 11(b)(3), N.D.R.Crim.P. *See State v. Parisien,* 469 N.W.2d 563, 565–66 (N.D.1991); *State v. Storbakken,* 246 N.W.2d 78, 83 (N.D.1976).

[¶ 9] Beckman argues the trial court violated Rule 11(c), N.D.R.Crim.P., because it did not inquire as to whether the plea resulted from discussions between her attorney and the State.

[¶ 10] Rule 11(c), N.D.R.Crim.P., provides:

(c) *Insuring that the plea is voluntary.* The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c) ] in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. *The court shall also inquire as to whether the defendant's willingness to plead guilty results from previous discussion between the prosecuting attorney and the defendant or the defendant's attorney.* (Emphasis added.)

[¶ 11] The purpose of the inquiry required by the second sentence of Rule 11(c), N.D.R.Crim.P., is for the trial court to ascertain whether the plea of guilty is the result of plea negotiations. *Hoffarth,* 456 N.W.2d at 114.

[¶ 12] Here, the court and the defendant had the following discussion.

THE COURT: What is your plea?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Has anyone made any promises or threats in order to get you to enter a guilty plea?

THE DEFENDANT: No.

THE COURT: Is there a plea agreement involved in the case?

MR. ROMANICK: No, Your Honor.

MR. MARTIN: No. Your Honor, there is not.

THE COURT: You understand that you could be sentenced to more or less than what is recommended by the prosecutor in this case?

THE DEFENDANT: Yes, Your Honor.

The court then determined there was a factual basis for the charge to the defendant, allowed the prosecutor to make a recommendation, and sentenced Beckman to five years.

[¶ 13] In *Hoffarth,* the trial court did not explicitly ask the defendant whether his willingness to plead guilty resulted from previous discussions with the prosecuting attorney. *Id.* However, the court was expressly told by the prosecutor that there was no plea agreement. *Id.* We held the court was apprised of the very information an inquiry under the second sentence of Rule 11(c), N.D.R.Crim.P., was designed to elicit. *Id.* The defendant also answered the trial court's other questions, acknowledging the guilty plea was not the product of force, threats, or promises. *Id.* We held the procedure followed by the trial court substantially complied with Rule 11(c), N.D.R.Crim.P. *Id.*

[¶ 14] Here, the trial court asked Beckman whether the guilty plea was a result of any threats or promises. Additionally, in response to the court's question both attorneys explicitly told the trial court there was no plea agreement in the case. This explicit acknowledgment, as in *Hoffarth,* provides the very information the second sentence of Rule 11(c), N.D.R.Crim.P., is designed to elicit. We hold the requirements of Rule 11(c), N.D.R.Crim.P. have been substantially complied with.

[¶ 15] Beckman argues the trial court violated Rule 32, N.D.R.Crim.P., by failing to personally address her when it imposed sentence.

[¶ 16] Rule 32(a)(1), N.D.R.Crim.P., provides:

(a) *Sentence.*

(1) *Imposition of sentence.* Sentence must be imposed or other authorized disposition made without unreasonable delay. Pending disposition, the court may commit the defendant or continue or alter the bail. Before imposing sentence, the court *shall* ... (iii) address the defendant personally, except as provided by Rule 43, to determine whether the defendant wishes to make a statement in the defendant's own behalf or wishes to present any information in mitigation of punishment or which

would require the court to withhold pronouncement of judgment and sentence; if the defendant expresses a desire to do so, the court shall provide the defendant with the opportunity. (Emphasis added.)

Rule 32, N.D.R.Crim.P., is similar to its federal counterpart. The United States Supreme Court has interpreted Rule 32(a), Fed. R.Crim.P., as being intended to allow the defendant to personally be afforded the opportunity to speak before the imposition of sentence. *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). The Supreme Court rejected the contention that merely affording the defendant's counsel an opportunity to speak before sentencing fulfills the role of Rule 32(a). *Id.*

[¶ 17] Here, it is clear the trial court did not directly address Beckman before it passed sentence. Rather, the court heard the prosecutor's recommendation and then prompted Beckman's counsel by stating, "Mr. Martin." Martin then gave his client's point of view concerning the sentencing. The court then passed sentence without personally addressing Beckman to determine if she wished to make a statement. While it is unclear whether Beckman would have taken the opportunity to speak, Rule 32, N.D.R.Crim.P., at the very least mandates she be given an opportunity.

[¶ 18] We hold the trial court did not satisfy the requirements under Rule 32, N.D.R.Crim.P. Therefore, we remand the case for re-sentencing. *See, e.g., United States v. Washington,* 44 F.3d 1271, 1276 (5th Cir.1995) (holding if the defendant is not afforded an opportunity to speak before sentencing then re-sentencing is required); *United States v. Harper,* 946 F.2d 1373, 1374–75 (8th Cir.1991) (holding the case must be remanded for re-sentencing when a defendant was not given the chance to speak before sentencing).

[¶ 19] Beckman argued the Rule 32, N.D.R.Crim.P., violation would allow her to withdraw her guilty plea. Beckman did not provide any authority to support this proposition, and this Court did not find any such authority. We are satisfied this violation of Rule 32, N.D.R.Crim.P., does not rise to the level of manifest injustice necessary for a withdrawal of a plea. *State v. Trieb,* 516 N.W.2d 287, 290–91 (N.D.1994).

### III

[¶ 20] The trial court's acceptance of the plea is affirmed and this case is remanded for re-sentencing consistent with this opinion.

[¶ 21] VANDE WALLE, C.J., MARING and KAPSNER, JJ., and WILLIAM W. McLEES, D.J., concur.

[¶ 22] WILLIAM W. McLEES, D.J., sitting in place of SANDSTROM, J., disqualified.