2003 ND 95

**Travis BOSER, Plaintiff and Appellant,**

v.

**Jay HANSON, Defendant,**

and

**Robert Port, Defendant and Appellee.**

No. 20020206.

Supreme Court of North Dakota.

June 17, 2003.

Ralph A. Vinje (on brief), Vinje Law Firm, Bismarck, ND, for plaintiff and appellant.

Kraig A. Wilson (on brief), Morley Law Firm, Ltd., Grand Forks, ND, for defendant and appellee.

MARING, Justice.

[¶ 1] Travis Boser appealed a judgment dismissing his action against Robert Port for damages for injuries sustained in a snowmobile accident. We affirm.

[¶ 2] Boser and Port were snowmobiling south of Minot on February 28, 1998. When Boser's snowmobile became inoperable, they towed it to a friend's home. Boser then rode as a passenger on Port's snowmobile into Minot. Boser was injured in an intersection accident when he was struck by a vehicle operated by Jay Hanson, whose direction of travel was governed by a yield sign. Boser sued Hanson[1] and Port. In its special verdict, the

---

1. Boser and Hanson reached a settlement before trial, and Hanson was released as a de-

jury found Port was not at fault. A judgment of dismissal was entered, and Boser appealed.

■ [¶ 3] Boser contends the trial court erred in failing to give the following jury instruction he requested:

No person may operate a snowmobile upon the roadway, shoulder, or inside bank or slope of any road, street, or highway in this state except as provided pursuant to this Chapter. A snowmobile may make a direct crossing of a street or highway provided:

(a) The crossing is made at an angle of approximately ninety degrees to the direction of the highway and at a place where no obstruction prevents a quick and safe crossing;

(b) The snowmobile is brought to a complete stop before crossing the shoulder or main traveled way of the highway;

(c) The driver yields the right of way to all oncoming traffic which con-
· stitutes an immediate hazard.

N.D.C.C. § 39–24–09(2)

It is unlawful for any person to drive or operate any snowmobile in the following ways which are declared to be unsafe and a public nuisance:

(a) At a rate of speed greater than reasonable or proper under all the surrounding circumstances;

(b) In a careless, reckless, or negligent manner so as to endanger the person or property o[f] another or to cause injury or damage to such person or property.

N.D.C.C. § 39–24–09(5)

The trial court explained its refusal to give Boser's requested instruction:

All right. The court will, I am going to delete this one for a couple of reasons. One, I think there is some merit while it is the law of the state it is directed to situations where the facts are different than we have here. This occurred within a city. One driver had a yield sign. Some said he stopped. Some said he didn't. He said he stopped. That's room for argument for the two of you. But I think when we already have the duty of the driver having the right of way and the operator of the motor vehicle in the instructions this one is in a sense cumulative and probably confusing to the jury so it will be deleted.

■ [¶ 4] Boser has presented no argument about the latter part of the requested instruction, which was based upon N.D.C.C. § 39–24–09(5). "Issues not briefed by an appellant are deemed abandoned." *Anderson v. Heinze*, 2002 ND 60, ¶ 12, 643 N.W.2d 24 (quoting *Murchison v. State*, 1998ꞏND 96, ¶ 13, 578 N.W.2d 514). Furthermore, the matters contained in that part of the requested instruction, prohibiting operation of a snowmobile at a "speed greater than reasonable or proper under all the surrounding circumstances" and prohibiting operation of a snowmobile in a "manner so as to endanger the person or property o[f] another," were addressed in other instructions submitted to the jury.

■ [¶ 5] "Jury instructions must fairly and adequately inform the jury of the applicable law." *Olander Contracting Co. v. Gail Wachter Investments*, 2002 ND 65, ¶ 30, 643 N.W.2d 29 (quoting *Praus v. Mack*, 2001 ND 80, ¶ 38, 626 N.W.2d 239). "A party is entitled to instructions which present that party's theory of the case if justified by applicable law, the evidence and the pleadings." *Beilke v. Coryell*, 524

fendant.

N.W.2d 607, 611 (N.D.1994) (quoting *Spieker v. Westgo, Inc.,* 479 N.W.2d 837, 844 (N.D.1992)). "A trial court is not required to instruct the jury in the exact language sought by a party if the court's instructions adequately and correctly inform the jury of the applicable law." *Western Nat'l Mut. Ins. Co. v. University of N.D.,* 2002 ND 63, ¶ 42, 643 N.W.2d 4. A trial court may properly refuse to give the jury an inapplicable or irrelevant instruction. *City of Mandan v. Willman,* 439 N.W.2d 92, 94 (N.D.1989).

[¶ 6] Section 39-24-09, N.D.C.C., provides in part:

1. No person may operate a snowmobile upon the roadway, shoulder, or inside bank or slope of any road, street, or highway in this state except as provided pursuant to this chapter. No snowmobile may be operated at any time within the right of way of any interstate highway within this state except for emergency purposes.

2. A snowmobile may make a direct crossing of a street or highway provided:

   a. The crossing is made at an angle of approximately ninety degrees to the direction of the highway and at a place where no obstruction prevents a quick and safe crossing;

   b. The snowmobile is brought to a complete stop before crossing the shoulder or main traveled way of the highway;

   c. The driver yields the right of way to all oncoming traffic which constitutes an immediate hazard; and

   d. In crossing a divided highway, the crossing is made only at an intersection of such highway with another public street or highway.

Section 39-24-08(4), N.D.C.C., provides "governing bodies of cities may, by ordinance, regulate, restrict, and prohibit the use of snowmobiles when operated within the exclusive jurisdiction of cities." Minot has adopted an ordinance regulating the use of snowmobiles. The trial court instructed the jury in accordance with the ordinance:

Any off-road vehicle is restricted from operating upon any street or segment of the street except for the purpose of leaving the city by the most direct route, departing from the residence of the off-road vehicle operator, or from the place where the off-road vehicle is ordinarily kept while not in use, or the purpose of returning by the same route from outside the city to the point of departure.

[¶ 7] We recently summarized some of our rules of statutory construction:

The interpretation of a statute is a question of law and is fully reviewable on appeal. Our primary objective in construing a statute is to ascertain legislative intent by looking at the language of the statute itself. We harmonize statutes to give meaning to related provisions, and we construe statutory language according to its plain, ordinary, and commonly understood meaning. Although we may resort to extrinsic aids to interpret a statute if it is ambiguous, we look first to the statutory language, and if the language is clear and unambiguous, the legislative intent is presumed clear from the face of the statute. We give consideration to the context of statutes and the purposes for which they were enacted.

*Comstock Constr., Inc. v. Sheyenne Disposal, Inc.,* 2002 ND 141, ¶ 22, 651 N.W.2d 656 (citations omitted). *See generally* N.D.C.C. §§ 1-02-02, 1-02-05, 1-02-07, and 1-02-39. Under N.D.C.C. § 1-02-38(3), in construing a statute we presume

the legislature intended a just and reasonable result.

[¶ 8] Snowmobiles are generally prohibited from operating on highways, except in limited situations. *See, e.g.,* N.D.C.C. § 39–24–09; August 13, 1981, North Dakota Attorney General's Opinion 81–85 (citing N.D.C.C. § 39–24–09 and noting "snowmobiles are statutorily barred from operating upon public highways with few exceptions"); *State v. Johnson,* 289 Minn. 196, 183 N.W.2d 541, 543 (1971) (Construing a 1967 Minnesota statute similar to N.D.C.C. § 39–24–09, the court said: "It is clear that the legislative intent was to prohibit, with but two exceptions, the operation of snowmobiles upon the roadway, shoulder, or inside bank or slope of any trunk or county state aid highway."). Thus, as Boser noted in a response to a motion by Port, "It is clear from [N.D.C.C. § 39–24–09(1) ] that without separate legislation from the City of Minot, snowmobiles could not be operated upon the streets in the city of Minot."

[¶ 9] We agree with the Commonwealth Court of Pennsylvania's construction of a statute similar to N.D.C.C. § 39–24–09:

Section 7721(a) provides the general rule against operation of ATVs and snowmobiles on highways: "Except as otherwise provided in this chapter, it is unlawful *to operate* a snowmobile or an ATV on any street or highway ..." Section 7721(c) ... provides that an ATV (or snowmobile) may "make a direct *crossing* of a street or highway" upon compliance with very specific requirements, including that of crossing "at an angle of approximately 90 degrees to the direction of the highway...." (Emphasis added.) In the Court's view, the legislature's use of the phrase "[to] make a direct crossing" reveals an intent to distinguish that ac-

tion from "to operate" on a street or highway.

Roads, streets and highways exist for the purpose of permitting transportation along them from one point to another. To operate a motor vehicle on a highway would appear to mean to use it for this intended purpose.

. . . .

An ATV or snowmobile operator who crosses a road does not use the road for its intended purpose of transportation along it but rather encounters it as an obstacle to be overcome. This Court therefore concludes that when the legislature specifically provided that snowmobiles and later ATVs were permitted to make a direct crossing of a street or highway, the legislature did not intend such action to be within the meaning of operating a vehicle upon a highway.

*Pelter v. Commonwealth,* 663 A.2d 844, 848–49 (Pa.Commw.Ct.1995).

[¶ 10] In our view, except as otherwise provided, the statutory language employed in N.D.C.C. § 39–24–09(1),(2) prohibits operating a snowmobile on a street or highway except while crossing a street or highway encountered as an obstacle to be overcome, rather than in its intended purpose of transportation along it. Our construction of the statutory language is confirmed by its legislative history. Representative Giffey, a sponsor of H.B. 163, enacted in 1969 (1969 N.D. Sess. Laws ch. 362) and codified as N.D.C.C. ch. 39–24, appeared before the Senate Committee on Transportation on March 7, 1969, and explained that, under the proposed legislation, snowmobiles "cannot travel on the highway[ ] surfaces nor along highways designated as Interstate." Furthermore, in our view, it would be unreasonable to construe N.D.C.C. § 39–24–09(2) to require a snowmobile operator lawfully op-

erating a snowmobile on a city street to bring the snowmobile to a complete stop at every intersection before crossing, even where that operator's travel is protected by a yield sign governing the operators of other vehicles approaching the intersection.

[¶ 11] When Port was crossing the intersection in Minot, he was using the street for its intended purpose of transportation, rather than encountering it as an obstacle to be overcome. Therefore, N.D.C.C. § 39–24–09 and its street or highway crossing requirements that a snowmobile operator bring the snowmobile to a complete stop before crossing, yield the right of way to all oncoming traffic constituting an immediate hazard, and make the direct crossing of a street at an angle of approximately 90 degrees at a place where no obstruction prevents a quick and safe crossing, were inapplicable. We, therefore, conclude the trial court did not err in refusing to give Boser's requested instruction.

[¶ 12]   The judgment is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, and CAROL RONNING KAPSNER, JJ., concur.

I concur in the result, DALE V. SANDSTROM, J.