2003 ND 183

**Jerry Lee BAY, Petitioner
and Appellant,**

v.

**STATE of North Dakota, Respondent
and Appellee.**

**No. 20030145.**

Supreme Court of North Dakota.

Dec. 2, 2003.

Jerry Lee Bay (submitted on brief), pro se, Jamestown, N.D., petitioner and appellant.

Cynthia Mae Feland, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] Jerry Lee Bay appeals an order denying his petition for post-conviction relief, in which he requested to withdraw his guilty plea to Gross Sexual Imposition. He also appeals the denial of his motion to reconsider that petition. We affirm the orders.

I

[¶ 2] Bay entered a guilty plea, in the form of an Alford plea, to Gross Sexual Imposition in violation of N.D.C.C. § 12.1-20-03. After a pre-sentence investigation, the trial court sentenced Bay to ten years imprisonment with five years suspended and five years probation.

[¶ 3] Bay filed a petition for post-conviction relief to withdraw his guilty plea under N.D.R.Crim.P. 32(d) more than two years after he had entered his guilty plea. He made three arguments. First, Bay argued the sentence was a manifest injustice because the trial court failed to inform him before the acceptance of the plea that it was not required to accept the State's recommended sentence. Second, he argued the trial court and the State violated his due process rights because they referenced the wrong child, M.G., instead of B.P. Last, Bay argued the police report was not filed until nine months after the incident, which he claimed was beyond the statute of limitations for this crime.

[¶ 4] The trial court denied the petition, concluding Bay understood at sentencing, that he was giving an open plea and that he understood an open plea means the trial court can impose whatever sentence it feels is appropriate. The trial court found that the court and counsel had

mistakenly referred to the wrong child, but that during entry of the plea, the trial court referred to the correct child. Last, the trial court found Bay's contention that the statute of limitations had run was without merit. The trial court also denied Bay's motion for reconsideration, which we have considered as a motion to alter or amend the judgment under N.D.R.Civ.P. 59(j) or a motion under N.D.R.Civ.P. 60(b). *Dvorak v. Dvorak*, 2001 ND 178, ¶ 9, 635 N.W.2d 135.

[¶ 5] Bay appealed both the trial court's denial of his post-conviction petition and his motion to alter or amend the judgment under N.D.R.Civ.P. 59(j). On appeal, he makes numerous evidentiary arguments. In addition, Bay argues that the trial court failed to inquire whether his plea had resulted from previous discussions with the prosecuting attorney and that the trial court did not advise him that it could reject the prosecutor's recommended sentence. The State argues Bay has not satisfied his burden to show manifest injustice necessitating the withdrawal of his guilty plea.

## II

[¶ 6] In his petition for post-conviction relief, Bay argued the trial court and the State violated his due process rights because they referenced the wrong child, M.G., instead of B.P. Bay also argued the police report was not filed until nine months after the incident, which he claimed was beyond the statute of limitations for this crime. Bay does not raise or brief these issues on appeal. Issues not briefed by an appellant are deemed abandoned. *Boser v. Hanson*, 2003 ND 95, ¶ 4, 663 N.W.2d 182. Therefore, we will not address these issues on appeal.

## III

[¶ 7] When a defendant petitions for post-conviction relief seeking to withdraw a guilty plea, we generally treat the petition as one under N.D.R.Crim.P. 32(d). *State v. Hendrick*, 543 N.W.2d 217, 218 (N.D.1996). A defendant may not withdraw an accepted guilty plea unless withdrawal is necessary to correct a manifest injustice. *Abdi v. State*, 2000 ND 64, ¶ 10, 608 N.W.2d 292. A trial court's decision as to whether a manifest injustice exists necessitating a withdrawal of a guilty plea lies within its discretion, and we will not reverse the decision on appeal absent an abuse of discretion. *Hendrick*, at 219. Under Rule 32(d), an abuse of discretion occurs if it is not exercised in the interest of justice. *Abdi*, at ¶ 10.

## IV

[¶ 8] Bay argues he should have been allowed to withdraw his guilty plea because the trial court violated N.D.R.Crim.P. 11(c) and 11(d)(1) when it failed to inquire whether his plea had resulted from previous discussions with the prosecuting attorney and when it did not advise him it could reject the State's recommended sentence. He claims these alleged violations create a manifest injustice. Rule 11(c) provides:

c) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from previous discussion between the prosecuting attorney and the defendant or the defendant's attorney.

N.D.R.Crim.P. 11(c). Rule 11(d)(1) provides:

(1) In General. The prosecuting attorney, the attorney for the defendant, or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussion.

N.D.R.Crim.P. 11(d)(1).

[¶ 9] Before a trial court accepts a guilty plea, it must advise the defendant of certain rights under N.D.R.Crim.P. 11. *State v. Farrell*, 2000 ND 26, ¶ 9, 606 N.W.2d 524. Rule 11 does not require ritualist compliance, but substantial compliance. *Id.* We have held that when a trial court fails to specifically ask if plea negotiations had taken place, Rule 11 is satisfied by clearly determining that the defendant understands the trial court is free to impose whatever sentence it feels is appropriate. *Farrell*, at ¶ 19; *State v. Beckman*, 1999 ND 54, ¶¶ 9–14, 591 N.W.2d 120.

[¶ 10] Bay agreed to change his plea of not guilty to Gross Sexual Imposition to guilty in exchange for a nonbinding sentence recommendation. When accepting Bay's guilty plea, the trial court did not specifically ask Bay if his guilty plea was the result of plea negotiations with the State's Attorney. Nevertheless, the trial court personally addressed Bay and asked him if he understood the trial court was "ultimately free to impose whatever sentence seems appropriate," if he understood the time the trial court would consider plea agreements had "come and gone." Bay answered "yes" to both questions without any evidence of confusion or hesitation. Bay himself admits, in his brief in support

of post-conviction relief, that the State's Attorney was only recommending a sentence. The trial court also asked Bay if he had been pressured or coerced to change his plea to guilty. He answers "no," again without evidence of confusion or hesitation.

[¶ 11] In the trial court's Memorandum and Order in response to Bay's petition for post-conviction relief, it considered Bay's argument and concluded it had satisfied Rule 11. It stated, "A review of the transcript of the sentencing proceeding indicates that the Court inquired of the defendant as to whether or not he was clear that he was entering an 'open plea' to the charges and that the Court would be free to impose whatever sentence it determined." We agree and conclude that, as *Farrell* and *Beckman* require, the trial court determined that Bay knew it could impose whatever sentence it deemed appropriate, and it substantially complied with Rule 11.

[¶ 12] In addition, Bay mistakenly believes the trial court was required to inform him that it was not accepting the State's Attorney's recommendation and was required to allow him to withdraw his guilty plea. "A nonbinding recommendation of sentence and a binding plea agreement under N.D.R.Crim.P. 11(d) are significantly different." *Peltier v. State*, 2003 ND 27, ¶ 10, 657 N.W.2d 238. The State fulfills its obligation in a nonbinding recommendation when it makes the recommendation. *Id.* However, the trial court may impose a harsher sentence *without* allowing the defendant to withdraw the guilty plea. *Id.* (emphasis added).

[¶ 13] We conclude the trial court satisfied Rule 11(c) and Rule 11(d)(1).

V

[¶ 14] Bay also argues the trial court should have permitted him to with-

draw his guilty plea because the trial court did not follow the Rule 11 procedure when accepting his guilty plea. *See* N.D.R.Crim.P. 11. Specifically, Bay claims the trial court did not inform him of the maximum and any mandatory minimum punishment as required by Rule 11(b)(2). However, Bay failed to raise this issue to the trial court, and we will not address issues raised for the first time on appeal. *See Peters–Riemers v. Riemers,* 2002 ND 49, ¶ 9, 641 N.W.2d 83 (stating issues not raised to the trial court may not be raised on appeal).

## VI

[¶ 15] Finally, Bay raises several arguments regarding the admissibility of evidence. However, Bay pled guilty to the charges involved in this post-conviction proceeding, and defendants who voluntarily plead guilty waive the right to challenge nonjurisdictional defects occurring before entry of the guilty plea. *McMorrow v. State,* 2003 ND 134, ¶ 5, 667 N.W.2d 577. Bay raises no argument regarding a jurisdictional defect. Because Bay voluntarily and knowingly pled guilty, he has waived his right to challenge the admissibility of evidence, and we will not address these arguments on appeal. In addition, Bay failed to raise these evidentiary issues to the trial court, and we will not address issues raised for the first time on appeal. *See Peters–Riemers,* 2002 ND 49, ¶ 9, 641 N.W.2d 83 (stating issues not raised to the trial court may not be raised on appeal).

## VII

[¶ 16] We affirm the orders denying Bay's petition for post-conviction relief and for reconsideration of that petition.

[¶ 17] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.