Filed 6/11/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 144

Donald Poochigian, O’Dale Brown, Barbara 

Collins, Abigail Collins, Mary Weaver, 

David Haberman, Gordon Iseminger, Troy 

Fugate, Elaine Lewandowski-Johnson, Bailey 

Bubach, Angela Nagle, Lorrie Bulmer, Ron 

Franz, Concetta Renna, Veronica Dockter, 

Leigh Jeanotte, James Schothorst, Lisa 

Carney, C.T. Marhula, Alex Fornes, Deborah 

Hildebrandt, William Lubitz, Ralph Honda, Contestants

C.T. Marhula, Appellant

v.

City of Grand Forks ND, Contestee and Appellee

No. 20170335

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

C.T. Marhula, self-represented, Grand Forks, N.D., appellant.

Ronald F. Fischer (argued) and Daniel L. Gaustad (on brief), Grand Forks, N.D., for contestee and appellee.

Poochigian v. City of Grand Forks

No. 20170335

Tufte, Justice.

[¶1] C.T. Marhula appeals from a judgment dismissing an action contesting a special election in the City of Grand Forks.  Marhula argues Grand Forks lacked authority under its home rule charter and city ordinances to designate one voting location for the special election.  We conclude Marhula’s post-election challenge to the special election is moot, and we affirm the judgment dismissing the action.

I

[¶2] In 2015, the Grand Forks City Council accepted a proposal to commercially develop property known as the Arbor Park area in downtown Grand Forks.  Citizens of Grand Forks thereafter petitioned for an initiated measure to require the City Council to reconsider its decision and retain the area as a park.  After the City Council declined to reverse its decision, the initiated measure was submitted to the Grand Forks voters.  The City Council voted to hold a special election on the measure on June 20, 2017, and to designate one voting location for the entire city at the Alerus Center.

[¶3] On June 26, 2017, the canvassing board met and certified there were 180 more “no” votes out of 4,722 total votes cast at the special election.  This result left in place the city’s decision to sell the property for commercial development.  On June 27, 2017, Grand Forks executed a contract to sell the property to Green Jacket, LLC, a North Dakota limited liability company, and on August 11, 2017, Grand Forks executed a warranty deed to Green Jacket for the property.  The deed stated the property would revert to the city if Green Jacket did not begin excavation on the property before December 31, 2017.  According to the Grand Forks mayor, excavation had begun on the property by October 26, 2017, and Grand Forks’ reversionary interest in the property was extinguished.

[¶4] Meanwhile, in July 2017, more than ten electors, including Marhula, brought this action under N.D.C.C. § 16.1-16-03 to contest the special election.  The contestants sought to void the special election, alleging:  (1) Grand Forks violated its home rule charter and city ordinances by designating one voting location for the entire city; and (2) the canvassing board erred in rejecting two absentee ballots postmarked on the day of the election.

[¶5] Grand Forks moved to dismiss the contestants’ action, asserting their complaint  was not verified as required by N.D.C.C. § 16.1-16-03 and the action  was not filed within the time required by N.D.C.C. § 16.1-16-04.  The district court denied Grand Forks’ motion, ruling the contestants’ complaint was properly verified and the action was commenced and filed within fourteen days after the canvassing board’s final certification as required by N.D.C.C. § 16.1-16-04.

[¶6] After an evidentiary hearing, the district court dismissed the contestants’ complaint.  The court construed the language of N.D.C.C. § 16.1-04-02 in effect on the date of the election to authorize Grand Forks to establish a single voting location for the special election for good and sufficient reasons.  The court concluded there were no provisions in the Grand Forks Municipal Code depriving the City of that power and found:

The reason the City preferred a single polling place, and specifically the Alerus Center, is that they had difficulty obtaining election workers.  Although the City had never canceled an election for lack of workers, obtaining workers was a struggle right up to election day.  Also, the City wished to use Grand Forks County electronic poll books.  The City and Grand Forks County entered into a Joint Powers Agreement that had the County of Grand Forks agreeing to furnish the machines, as well as training to operate them.  Grand Forks County insisted on a single polling place since the County had no time to train workers in several locations.  The Alerus Center is located on main roads.  It has room to hold voters in the venue in case of inclement weather.  The Court finds that these were good and sufficient reasons to have the Alerus Center as a single polling place in the Special Election.

The court concluded the designation of a single voting location for the special election was not erroneous or fraudulent under N.D.C.C. § 16.1-16-05(2).  The court also concluded that the canvassing board did not err in rejecting two absentee ballots postmarked on the day of the election under the language of N.D.C.C. § 16.1-07-09 and that the rejection of those ballots was not erroneous or fraudulent under N.D.C.C. § 16.1-16-05(2).

II

[¶7] The contestants appealed, and we subsequently granted a motion by all the contestants except Marhula to dismiss their appeal.  Marhula, as the sole remaining appellant, has not raised an issue about the canvassing board’s rejection of two absentee ballots postmarked on the date of the election.  Issues not briefed by an appellant are deemed abandoned.  
Bay v. State
, 2003 ND 183, ¶ 6, 672 N.W.2d 270.  We therefore do not address that issue on appeal.

[¶8] Marhula argues Grand Forks’ home rule charter gives it authority to establish election procedures and its city ordinances mandate voting within precincts in each ward.  He contends Grand Forks lacked authority under those provisions to conduct a special election for the entire city at one voting location.

[¶9] Grand Forks has moved to dismiss Marhula’s appeal, arguing that any issues about the conduct of the special election are moot because Grand Forks has sold the property to Green Jacket and no contestants sought to enjoin the sale pending resolution of these judicial proceedings.  Grand Forks also argues the contestants did not bring a legal challenge to the designation of a single voting location before the election and the post-election challenge is moot under 
Brandvold v. Lewis and Clark Pub. Sch. Dist.
, 2011 ND 185, ¶¶ 9-11, 803 N.W.2d 827.

[¶10] It is well established that courts will not give advisory opinions on abstract legal questions, and an action will be dismissed if there is no actual controversy left to be determined and the issues have become moot or academic.  
E.g.
, 
Gosbee v. Bendish
, 512 N.W.2d 450, 452 (N.D. 1994).  An action may become moot by the occurrence of events that result in a court’s inability to render effective relief.  
Id. 
at 453.  The fact that a trial court has decided a moot case does not require us to do the same.  
Id.

[¶11] In 
Brandvold
, 2011 ND 185, ¶¶ 1-4, 14-15, 803 N.W.2d 827, this Court affirmed a judgment dismissing a 2010 action seeking declaratory relief to invalidate a 2003 election for the consolidation of three school districts into one reorganized district.  The plaintiffs alleged the 2003 reorganization election was tainted because one of the three original school districts had fraudulently failed to disclose certain debts.  
Id.
 at ¶ 3.  We concluded the 2010 challenge to the 2003 election based upon claimed pre-election irregularities was rendered moot by the completion of the election.  
Id.
 at ¶ 14.  In construing our declaratory judgment act, we followed decisions under the Uniform Declaratory Judgments Act from other jurisdictions for the principle that challenges to the result of an election based upon claimed pre-

election irregularities that were peculiar to the particular election were moot and not appropriate for declaratory relief once the underlying election had been completed.  
Id.
 at ¶¶ 10-11.  We concluded the belated challenge to the 2003 election related to particular conduct in a particular election and the completion of that election rendered the post-election challenge moot.  
Id.
 at ¶ 11.  We therefore held the petition for declaratory relief presented no justiciable controversy and the district court did not err in dismissing it for failure to state a claim upon which relief could be granted.  
Id.
 at ¶ 14.

[¶12] In 
Kerlin v. City of Devils Lake,
 25 N.D. 207, 213-14, 141 N.W. 756, 757 (1913), this Court considered a post-election challenge to the validity of a Devils Lake election to increase the debt limit and issue bonds to establish a municipal light plant in Devils Lake.  The challengers claimed the election was void because Devils Lake consisted of four wards, each constituting separate election precincts, and the election was held at a single voting location.  
Id
.  This Court said the use of one voting location was “irregular” under the then-existing statutory and constitutional provisions.  
Id.
 at 215, 141 N.W. at 757.  
See
 N.D. Op. Att’y Gen. 93-L-28 (Feb. 4, 1993) (discussing 
Kerlin
 and applying amendment to N.D.C.C. § 40-21-09 in 1971 N.D. Sess. Laws ch. 399 that permitted City to use a single, central voting place for all wards).  
See also
 N.D.C.C. § 40-21-03.1 (authorizing governing body of city to designate polling precincts and places for municipal elections).  The 
Kerlin
 court held the special election using one voting location was not void:

[W]e find the rule of law, announced for the application of statutes and the particular constitutional provision before us, in cases similar to this, to be that generally where the statute does not in express terms declare that the election shall be void, or where the constitutional provision does not by reasonable inference invalidate the election, the election will be sustained, and the violation of statute will be treated as an irregularity going to the form instead of to the substance, where from all the facts the court does conclude that, in spite of the departure from statutory requirements, a full and fair ballot has been cast and a true and fair return of the entire election has been canvassed and made.  Indeed, it has been held that this rule of law is so well established that it should be considered as the common law, controlling in the light of which the statute was enacted and with which the statute must be interpreted and effecting its application, unless the statute in express terms negatives it by a declaration that the election held in disregard of the statute shall be void.

Kerlin
, 25 N.D. at 216, 141 N.W. at 758.

[¶13] Marhula’s claims relate to particular conduct involving the designation of one voting location for the entire city in a particular special election under the rationale of 
Brandvold
.  Marhula has cited no statutory or constitutional provisions declaring that a deviation from a voting place in each ward or precinct renders an election void, and we have found none.  
See
 
Kerlin
, 25 N.D. at 216, 141 N.W. at 758.  
Cf.
 N.D.C.C. § 16.1-16-08(6) (stating nothing in N.D.C.C. ch. 16.1-16 may be construed to authorize an election to be set aside because of illegal votes unless the contestee had knowledge of or connived in the illegal votes, or if the illegal votes affected the outcome).  Under 
Kerlin
 and 
Brandvold
, we conclude the completion of the special election renders moot the challenge to one voting location.

[¶14] Marhula nevertheless claims the issues in this appeal involve the right to vote and are not moot, because they are of great public importance.  We have recognized courts will determine a moot issue if the controversy is one of great public interest and involves the authority and power of public officials, or if the matter is capable of repetition, yet evading review.  
Gosbee
, 512 N.W.2d at 453; 
State v. Liberty Nat’l Bank & Trust Co.
, 427 N.W.2d 307, 308-09 (N.D. 1988); 
Forum Publ’g Co. v. City of Fargo
, 391 N.W.2d 169, 170 (N.D. 1986).  The requirements of “great public interest” and “authority and power of public officials,” or “capable of repetition, yet evading review” are elements of two separate tests for determining mootness.  
Liberty Nat’l Bank
, at 309 n.1.  We have also explained “public interest” means:

“more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected.  It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question.”

Forum Publ’g Co.
, at 170 (
citing
  
Hart v. Bye
, 86 N.W.2d 635, 637 (N.D. 1957)).

[¶15] The right to vote is a fundamental constitutional right.  
State ex rel. Olson v. Bakken
, 329 N.W.2d 575, 582 (N.D. 1983).  In other contexts, we have recognized election matters have some public interest.  
See
 
Kelsh v. Jaeger
, 2002 ND 53, ¶ 3, 641 N.W.2d 100 (exercising original jurisdiction in case involving election of representatives to state Legislature; stating the power of the people to govern themselves through the voting process is a matter of public interest).  Marhula’s post-

election challenge involves the interpretation of the city ordinances of a particular locality.  In this post-election challenge, Marhula does not claim bad faith or fraudulent conduct, and he has not cited any statutory or constitutional provisions requiring the election to be declared invalid.  
See
 
Kerlin
, 25 N.D. at 216, 141 N.W. at 758.  Marhula’s post-election challenge to a local election is not a matter of great public interest under our mootness jurisprudence.  Marhula’s claims that the use of a single voting place for the special election violated Grand Forks’ home rule charter and city ordinances could have been raised before the election under the rationale of 
Brandvold
.  He does not dispute he had at least the minimum 64 days’ pre-election notice required by N.D.C.C. § 16.1-04-02.  In the absence of a statutory or constitutional provision requiring the invalidity of an election using one voting location, we conclude the issues in this post-election challenge to Grand Forks’ special election are moot under 
Brandvold
 and 
Kerlin
.

III

[¶16] We conclude Marhula’s post-election challenge to the special election is moot.  Although the district court did not decide this action on mootness, the fact that a district court has decided a moot case does not require us to do the same.  
Gosbee
, 512 N.W.2d at 453.  
Cf.
 
Myers v. State
, 2017 ND 66, ¶¶ 10-13, 891 N.W.2d 724 (affirming district court decision that reached right result under wrong reasoning).  We affirm the judgment dismissing Marhula’s action.

[¶17] Jerod E. Tufte

Lisa Fair McEvers

Daniel D. Narum, D.J.

Gerald W. VandeWalle, C.J.

I concur in the result.

Daniel J. Crothers

[¶18] The Honorable Daniel D. Narum, D.J., sitting in place of Jensen, J., disqualified.