# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 154

State of North Dakota,                                        Plaintiff and Appellee

v.

MyKennah Lott,                                           Defendant and Appellant

No. 20180154

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David W. Nelson, Surrogate Judge.

AFFIRMED, SENTENCE VACATED, AND REMANDED.

Opinion of the Court by Jensen, Justice.

Allen M. Koppy, Morton County State's Attorney, Mandan, ND, for plaintiff and appellee.

Caitlyn A. Pierson, Minot, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1] MyKennah Leigh Lott appeals from a criminal judgment after she was found guilty of preventing arrest following a bench trial. Lott challenges the sufficiency of the evidence and asserts she was improperly denied an opportunity to address the court during sentencing. We affirm the conviction, vacate the sentence, and remand for resentencing.

I.

[¶2] In January 2017, Lott and an acquaintance were found walking on property owned by the Dakota Access Pipeline. Law enforcement personnel approached the pair and Lott began to "step backwards at a fairly brisk pace" while law enforcement gathered more information. Lott was eventually informed she was under arrest for trespassing. Lott resisted arrest, broke free, and eventually had to be taken to the ground in order to be arrested. After a bench trial, Lott was found guilty of preventing arrest under N.D.C.C. § 12.1-08-02. During sentencing, the district court asked Lott's counsel for a sentencing recommendation. Counsel conferred with Lott and requested fines and fees be waived. Nothing in the record indicates Lott was personally addressed and afforded the opportunity to speak on her behalf during the sentencing phase.

II.

[¶3] Lott argues the evidence was insufficient to convict her of preventing arrest. We summarily affirm the conviction of preventing arrest under N.D.R.App.P. 35.1(a)(3), concluding there was sufficient evidence to support the guilty verdict.

[¶4] Lott argues the case should be remanded for resentencing because she was denied an opportunity to make a statement prior to being sentenced. Under N.D.R.Crim.P. 32, the district court "must . . . determine whether the defendant

1

wishes to make a statement on the defendant's own behalf or wishes to present information in mitigation of punishment or information that would require the court to withhold judgment and sentence." This Court has stated:

> Rule 32, N.D.R.Crim.P., is similar to its federal counterpart. The United States Supreme Court has interpreted Rule 32(a), Fed.R.Crim.P., as being intended to allow the defendant to personally be afforded the opportunity to speak before the imposition of sentence. *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). The Supreme Court rejected the contention that merely affording the defendant's counsel an opportunity to speak before sentencing fulfills the role of Rule 32(a). *Id.*

*State v. Beckman*, 1999 ND 54, ¶ 16, 591 N.W.2d 120.

[¶5] In *Beckman*, the district court did not directly address the defendant before imposing the sentence. 1999 ND 54, ¶ 17, 591 N.W.2d 120. Rather, the district court heard the prosecutor's recommendation and then the defendant's counsel provided a recommendation. *Id.* The district court went on to sentence the defendant without personally addressing her to determine if she wished to make a statement. *Id.* On appeal, this Court remanded for resentencing and stated that "[w]hile it is unclear whether Beckman would have taken the opportunity to speak, Rule 32, N.D.R.Crim.P., at the very least mandates she be given an opportunity." *Id.*

[¶6] This case mirrors *Beckman*. The record indicates Lott's counsel was prompted about sentencing and then conferred with Lott. After conferring with Lott, counsel indicated Lott was requesting the fines and fees be waived and she be given credit for time served. The record does not indicate whether Lott was asked if she would like to make a statement.

[¶7] The State argues Lott indirectly made her wishes known with regard to sentencing through her attorney. The United States Supreme Court has stated the right of allocution "explicitly affords the defendant two rights: to make a statement in his own behalf, and to present any information in mitigation of punishment." *Green v. United States*, 365 U.S. 301, 304 (1961) (internal quotation marks omitted).

2

During a pre-sentence statement, a defendant may take responsibility for their actions, describe mitigating personal factors, or humanize themselves in front of the court. Kimberly A. Thomas, Beyond Mitigation: Towards a Theory of Allocution, 75 Fordham L. Rev. 2641, 2655, 2666 (2007). "By requiring the sentencing judge to listen with care to the defendant's statement, courts emphasize that the defendant's opportunity for allocution should not be viewed as an empty ritual, but rather as a vital and integral part of the sentencing process." Mary Margaret Giannini, Equal Rights for Equal Rites?: Victim Allocution, Defendant Allocution, and the Crime Victims' Rights Act, 26 Yale L. & Pol'y Rev. 431, 463 (2008). Further, the right of allocution "is the type of important safeguard that helps assure the fairness, and hence legitimacy, of the sentencing process." *United States v. Adams*, 252 F.3d 276, 288 (3d Cir. 2001) (holding that failing to personally address the defendant before sentencing was plain error). The right to allocation includes more than the defendant expressing their desired sentence.

[¶8]    Lott did not object to her lack of an opportunity to make an allocution statement during sentencing. Generally, issues not raised at trial will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b). *State v. Frohlich*, 2007 ND 45, ¶ 31, 729 N.W.2d 148. This Court's obvious error standard is well established:

> To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights. To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law. There is no obvious error when an applicable rule of law is not clearly established.

*State v. Tresenriter*, 2012 ND 240, ¶ 12, 823 N.W.2d 774 (citations omitted).

[¶9]    This Court held in *Beckman* that a district court's omission of a defendant's opportunity to make a statement before sentencing is a legal error. The *Beckman* holding constitutes established law for which the failure to follow constitutes obvious

error. However, we are still required to determine whether this error affects substantial rights.

[¶10] North Dakota's obvious error standard is adapted from Fed.R.Crim.P. 52. *See* N.D.R.Crim.P. 52, Explanatory Note. "[North Dakota's] rule differs from the federal rule only in the substitution of the word 'obvious' for 'plain.'" *State v. Olander*, 1998 ND 50, ¶ 13, 575 N.W.2d 658 (discussing N.D.R.Crim.P. 52, Explanatory Note). When our rule is derived from a federal rule, we may look to the federal courts' interpretation or construction of identical or similar language as persuasive authority for interpreting our rule. *State v. Runck*, 534 N.W.2d 829, 831 (N.D. 1995).

[¶11] The Eighth Circuit has recognized plain error when the right to make an allocution statement is overlooked, but has not provided a detailed analysis. *See United States v. Harper*, No. 91-2347, 1991 WL 206287 (8th Cir. Oct. 16, 1991) (district court's omission of an opportunity for defendant to allocute required resentencing). However, the Tenth Circuit has gone into greater detail. In *United States v. Bustamante-Conchas*, the Tenth Circuit held that unpreserved allocution errors are subject to plain error review. 850 F.3d 1130, 1137 (10th Cir. 2017). The Tenth Circuit acknowledged the inherent difficulty of speculating as to whether a defendant's allocution statement would have resulted in a different sentence. *Id.* at 1139. The *Bustamante-Conchas* Court addressed this difficulty by holding that generally an individual who has been denied the right of allocution has met the burden of showing their substantial rights were affected. *Id.* However, if a defendant cannot potentially receive a lower sentence, the error is not prejudicial. *Id.* at 1140.

III.

[¶12] *Beckman* established that N.D.R.Crim.P. 32., mandates a defendant be given an opportunity to make a statement prior to sentencing, and we hold that an individual who has been denied the right of allocution has generally met the burden of showing

4

their substantial rights were affected. Lott received a reasonable sentence, but not the minimum allowable sentence and it is possible Lott may have received a lighter sentence had she been given the opportunity to allocute. Rule 32, N.D.R.Crim.P., mandates Lott be given an opportunity to speak on her behalf before sentencing. We affirm the conviction, vacate the sentence, and remand for resentencing consistent with this opinion.

[¶13]   Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.